CITY OF CINCINNATI, APPELLEE, *v.* EPPERSON, APPELLANT.

[Cite as Cincinnati v. Epperson, 20 Ohio St. 2d 59.]

(No. 68-297—Decided December 3, 1969.)

60

*Mr. William A. McClain*, city solicitor, *Mr. Ralph E. Cors* and *Mr. William B. Singer*, for appellee.

*Mr. Paul H. Tobias* and *Mr. Mitchell B. Goldberg*, for appellant.

CORRIGAN, J. Two questions of law presented by appellant in this appeal command our attention.

In respect to the first question of law, appellant contends that the trial court had "a mandatory duty to give instructions to the jury with respect to defendant's theory of defense * * * and its failure to give such instructions when requested by the defendant * * * constitutes prejudicial error."

Two of the instructions requested read as follows:

(1) "There is nothing in the laws of the city of Cincinnati which forbids or prohibits a person from delivering packages for compensation as long as he possesses an ordinary driver's license. No taxicab license is necessary."

(2) "If you find that the agreement between Epperson and the police officer was that the compensation of 50c was to be paid solely for carrying packages, and that the money was accepted solely for the service of carrying packages, then you must acquit Epperson and return a verdict of not guilty."

The trial court refused to give either of these requested instructions and did not include the substance of either requested instruction in the general charge.

In *State* v. *Barron*, 170 Ohio St. 267, this court held:

"Under Section 2945.10 (E), Revised Code, it is not mandatory upon a trial court to give any instructions to the jury in a criminal case before argument, but, if requested special instructions, reduced to writing, are correct, pertinent and timely presented, they must be included, at least in substance, in the general charge."

See, also, *State* v. *Corkran*, 3 Ohio St. 2d 125, 131.

The instructions requested were correct and pertinent to the defense, reflected by the record, of appellant's accepting compensation only for carrying packages—not passengers. The failure of the trial court to include, at least in substance, such instructions in the court's general charge was prejudicially erroneous to the substantial rights of appellant.

The second question of law is poised by the failure of the trial court to further inform the jury of the law of the case, upon the jury's request, under the provisions of Section 2315.06, Revised Code.

After the cause was submitted to the jury, that body interrupted its deliberations and asked instructions of the trial court as to "whether or not any special license was required by a person who delivers and carries packages for compensation and whether or not the law requires a special license in the event the driver charged solely for delivering packages and the owner of the package chooses to ride

along.'' Those questions were not answered for the jury by the trial court.

Section 2315.06, Revised Code, reads:

''After the jurors retire to deliberate, if they disagree as to the testimony or desire to be further informed on the law of the case, they may request the officer in charge to conduct them to the court, which shall give the information sought upon matters of law, and also, in the presence of or after notice to the parties or their counsel, the court may state its recollection of the testimony upon a disputed point.''

Such failure, under the facts of this case, was also prejudicially erroneous to the substantial rights of appellant.

In view of our conclusion that prejudicial error in the trial as outlined above requires reversal, it is unnecessary to pass on appellant's third claim of error.

The judgment of the Court of Appeals is reversed and the cause is remanded to the Municipal Court for a new trial.

*Judgment reversed.*

TAFT, C. J., MATTHIAS, HERBERT and DUNCAN, JJ., concur.

O'NEILL and SCHNEIDER, JJ., dissent.