142

THE STATE OF OHIO, APPELLEE, *v.* MINK, APPELLANT.

[Cite as State v. Mink (1971), 26 Ohio St. 2d 142.]

(No. 70-437—Decided May 19, 1971.)

*Mr. William A. McClain,* city solicitor, *Mr. Ralph E. Cors* and *Mr. William P. Whalen, Jr.,* for appellee.

*Mr. Albert T. Brown, Jr.,* for appellant.

SCHNEIDER, J. This appeal is from the appellate court's affirmance of appellant's conviction by the Hamilton County Municipal Court for violating R. C. 303.23.[1]

---

[1] *"No person shall* locate, erect, construct, reconstruct, enlarge, change, maintain, or use any building or *use any land in violation of a resolution, or amendment or supplement to such resolution, adopted by any board of county commissioners under Sections 303.01 to 303.25, inclusive, of the Revised Code.* Each day's continuation of such violation is a separate offense." (Emphasis supplied.)

The affidavit claims, in relevant part, that appellant "did unlawfully *use* [his] said *premises* (*land*) in violation of . . . Sec. 51.11 . . . [of the Hamilton County Zoning Resolution] . . . ." (Emphasis supplied.)

No part of the zoning resolution was introduced in evidence. Apparently the trial judge erroneously took judicial notice of it. Cf. R. C. 2317.441,[2] in effect on the day of the trial, October 21, 1969. Cf., also, Civil Rule 44.1(A)(2),[3] effective July 1, 1970. However, appellant not only does not attempt to reverse his conviction on this ground, but in his brief provides the text of portions of the zoning resolution relevant to his defense, to which the prosecution offers no objection.

The undisputed facts are that appellant purchased the premises located in a single-family residence district on or before June 3, 1969; that on that date he removed therefrom a house trailer which had been occupied continuously as a single-family residence since before the addition of Section 51.11 to the zoning resolution; and that he simultaneously placed thereon another house trailer which he immediately commenced to use as a residence for himself and his family. The record is devoid of any reference to the relative size, type or foundation of the two trailers.

We reverse the conviction and discharge the appellant.

Section 51.11 of the zoning resolution does prohibit "placing a trailer" in any residence district for "occupancy for human habitation." The claim of the affidavit, however, and the theory of the prosecution is that appellant

---

[2]"Each Court of Common Pleas, Probate Court, Municipal Court, and County Court shall take judicial notice of the ordinances of each municipal corporation within the territorial jurisdiction of the court. . . ." (Repealed, effective July 1, 1971.)

[3]Civil Rule 44.1(A)(2): "A party who intends to rely on a municipal ordinance, a local rule of court, or an administrative regulation within this state shall give notice in his pleading or other reasonable written notice. . . . A court may, however, take judicial note of its own rules or of a municipal ordinance within the territorial jurisdiction of the court without advance notice in the pleading of a party or other written notice."

*used his land* in violation of the resolution. And, the use of the land in question for the residence of a single family in a house trailer was established long before July 22, 1958, when Section 51.11 was first adopted.

Furthermore, appellant's conduct as charged is exonerated by Section 151 of the zoning resolution, which reads, in relevant part:

"*The lawful use* of any dwelling, building or structure and *of any land or premises as existing and lawful at the time of enactment of this resolution or amendment thereto, may be continued although such use does not conform with the provisions of this resolution or amendment.* . . ." (Emphasis supplied.)

The words, "of any dwelling, building or structure and," are inapplicable to this case for the reason that, by the specific terms of Section 31.46 of the zoning resolution, trailers (including, by definition, appellant's house trailer) "shall not be considered buildings, dwellings or structures for the purpose of" the zoning resolution. Thus, even assuming that the affidavit had charged appellant specifically with *locating a building* on his premises contrary to R. C. 303.23, the conviction would fail.

We do not reach, on this record, the question of the constitutionality of the provisions of Section 51.11 of the Hamilton County Zoning Resolution.

*Judgment reversed.*

O'Neill, C. J., Herbert, Duncan, Corrigan, Stern and Leach, JJ., concur.