THE STATE OF OHIO, APPELLEE, *v.*
GRUBB, APPELLANT.

(No. 13292—Decided March 16, 1988.)

*Lynn Slaby,* prosecuting attorney, and *Marc R. Wolff,* for appellee.

*Gary W. Kisling,* for appellant.

MAHONEY, J. Appellant, Harry Grubb, appeals from his conviction for gross sexual imposition in violation of R.C. 2907.05(A)(3) following a jury trial in the Summit County Court of Common Pleas. We affirm.

### Facts

At trial, ten-year-old Jason O. testified that on March 28, 1987, Grubb forced him to the ground and put his hands down Jason's pants. Grubb testified at trial in his own behalf. Grubb denied having accosted Jason.

### Assignment of Error I

"The trial court committed prejudicial error in allowing the prosecutor to use a prior conviction of the defendant more than ten (10) years old in order to impeach the defendant."

Whether a prosecutor may use a criminal conviction which is over ten years old is governed by Evid. R. 609(B). Evid. R. 609(B) provides:

"Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of probation, or shock probation, or parole, or shock parole imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."

During the cross-examination of Grubb, the state elicited from Grubb that he had been convicted of sodomy in 1963 and convicted of gross sexual imposition in 1975.[1] At a hearing prior

---

[1] The latter conviction is not at issue in the instant appeal since Grubb was not released from prison on the latter conviction until 1985, well within the ten-year time limit of Evid. R. 609(B).

to trial, the trial court determined that the probative value of the 1963 conviction substantially outweighed its prejudicial effect and thus held the 1963 conviction admissible for impeachment purposes. Grubb asserts that the trial court erred in this determination.

Upon review of the record, we find that the trial court did not abuse its discretion in admitting the 1963 sodomy conviction for impeachment purposes. Evid. R. 609 provides for the attacking of a witness' credibility by means of prior convictions. The instant case turned on whether the jury believed Jason or Grubb. Thus, the 1963 sodomy conviction was probative for impeachment purposes. Conversely, the fact that the jury was made aware of the gross sexual imposition conviction in 1975 lessened the prejudicial effect. *United States* v. *Sims* (C.A. 6, 1978), 588 F. 2d 1145, 1151 (dissenting opinion).

Accordingly, Grubb's first assignment of error is overruled.

### Assignment of Error II

"The trial court committed prejudicial error in refusing to grant the appellant's challenge for cause of two (2) jurors."

Grubb asserts that the trial court erred in rehabilitating two jurors pursuant to Crim. R. 24(B)(9) who had earlier, in effect, said that they could not be fair or impartial. Crim. R. 24 provides in relevant part:

"(B) Challenge for cause. A person called as a juror may be challenged for the following causes:

"* * *

"(9) That he is possessed of a state of mind evincing enmity or bias toward the defendant or the state; but no person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied, from the examination of the juror or from other evidence, that he will render an impartial verdict according to the law and the evidence submitted to the jury at the trial."

Grubb first argues that the jurors evinced enmity and bias toward him and thus were not subject to rehabilitation under Crim. R. 24(B)(9). We disagree. Upon review of the record, it is apparent that the jurors had no enmity or bias against Grubb personally. Rather, the jurors evinced a concern that they would find Grubb guilty due to his prior convictions. Therefore, the jurors were subject to rehabilitation.

Crim. R. 24(B)(9) permits a trial court to refuse to disqualify a juror due to a pre-conceived opinion as to guilt or innocence if after examination the trial court believes the juror will render an impartial verdict. Once this determination is made, it will not be disturbed on appeal absent a showing of an abuse of discretion. *State* v. *Clements* (Oct. 29, 1986), Wayne App. No. 2154, unreported; *State* v. *Gibson* (Oct. 22, 1980), Lorain App. No. 3028, unreported.

Upon review of the record, we find that the trial court did not abuse its discretion in overruling Grubb's motion to dismiss the two jurors for cause.

### Summary

Grubb's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and QUILLIN, J., concur.