The STATE of Ohio, Appellee,

v.

GLEASON, Appellant.

[Cite as *State v. Gleason* (1989), 65 Ohio App.3d 206.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880672.

Decided Nov. 1, 1989.

*Richard A. Castellini,* City Solicitor, *Terrence R. Cosgrove* City Prosecutor, and *Karl P. Kadon III,* for appellee.

*David J. Boyd,* for appellant.

*Per Curiam.*

Defendant-appellant, George Gleason, appeals from the judgment of the Hamilton County Municipal Court in which he was found guilty, among other charges, of driving under the influence of alcohol, a violation of R.C. 4511.-19(A). Gleason was arrested and charged after weaving his auto into the path of Cincinnati Police Officer Jeff Gramke's cruiser. Gleason asserts on appeal that the trial court erred in several respects: by impanelling jurors whom he had challenged for cause, by allowing the state's sole witness, Officer Gramke, to remain in the courtroom during trial, and by permitting repeated references by the prosecution to the fact that he had refused to submit to a breathalyzer test.

Gleason also claims that Gramke's opinion evidence regarding his sobriety was admitted without proper foundation and that the trial court erred by replacing an absent juror with an alternate without a sufficient excuse. Gleason also contends that the trial court erred in refusing to answer a question propounded to it by the jury during its deliberations. We find none of these assignments of error to be well taken.

█ Gleason's first assignment of error concerns the trial court's refusal to excuse three jurors who were challenged by Gleason for cause because they had expressed their opinion that it was wrong to drive after drinking alcohol. These jurors reported that they had seen various advertisements condemning driving under the influence of alcohol. Each juror was questioned by the trial judge as to whether he or she would be able to find Gleason not guilty if he or she believed that Gleason's ability to operate the vehicle was not appreciably impaired by the alcohol he had consumed. The three jurors replied that they would be able to do so, and the trial court denied the challenge for cause as to them. A fourth venireman, who replied that he could not lay aside his strong belief about the impropriety of drinking and driving, was excused.

Under R.C. 2945.25(B) and Crim.R. 24(B)(9), a person called as a juror may be challenged for cause if the juror is possessed of a state of mind evincing enmity or bias toward the defendant or the state:

"[B]ut no person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied, from the examination of the juror or from other evidence, that he will render an impartial verdict according to the law and the evidence submitted to the jury at the trial."

It is well settled that a ruling of the trial court on a challenge for cause will not be overturned unless it appears that the trial court thereby abused its discretion. *State v. Wilson* (1972), 29 Ohio St.2d 203, 58 O.O.2d 409, 280 N.E.2d 915; *State v. Grubb* (1988), 44 Ohio App.3d 94, 541 N.E.2d 476.

Upon review of the record, we find that the trial court did not abuse its discretion in overruling Gleason's motion to dismiss the jurors for cause. Gleason's first assignment of error is, therefore, overruled.

In his second assignment of error, Gleason challenges the trial court's denial of his request for a separation of witnesses under Evid.R. 615. The trial court permitted Officer Gramke, the sole witness for the state, to remain in the courtroom during trial. Gleason claims that the officer's presence improperly influenced the jury. We do not agree.

Although Evid.R. 615 provides that a court shall order witnesses excluded from a courtroom upon the request of a party, the rule further states that it "does not authorize exclusion of * * * (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause." The separation of witnesses is a matter within the discretion of the trial court. See *In re Unauthorized Practice of Law* (1963), 175 Ohio St. 149, 23 O.O.2d 445, 192 N.E.2d 54; *Oakwood v. Makar* (1983), 11 Ohio App.3d 46, 11 OBR 79, 463 N.E.2d 61. Officer Gramke was the prosecution's sole witness and the only representative of the state present before the court. We find that Gleason has failed to demonstrate that the trial court abused its discretion by permitting Officer Gramke to remain in the courtroom as the designated representative of the state. Gleason's second assignment of error is, therefore, overruled.

In his third assignment of error, Gleason challenges the repeated references by the prosecution to the fact that he refused to submit to a breathalyzer test, claiming that he was thereby denied due process and a fair trial. We do not agree.

The refusal of one accused of intoxication to take a reasonably reliable chemical test for intoxication may have probative value on the question of whether he was intoxicated at the time of such refusal. The admission of such evidence, and counsel's comment upon such a refusal, do

not violate any constitutional privilege against self-incrimination. *Westerville v. Cunningham* (1968), 15 Ohio St.2d 121, 44 O.O.2d 119, 239 N.E.2d 40, paragraphs one and three of the syllabus. An accused's due process rights are not violated by the admission of the fact of his refusal to submit to testing, even though the accused was not specifically warned at the time of his arrest that his refusal could be used against him at trial. *South Dakota v. Neville* (1983), 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748. We therefore overrule Gleason's third assignment of error.

■ Gleason asserts as his fourth assignment of error that the trial court erred by admitting into evidence, without proper foundation, Officer Gramke's opinion that Gleason was intoxicated. Gleason asserts that Officer Gramke was not asked whether he had ever observed anyone under the influence of alcohol or how often he had made such observation. A review of the record, however, reveals that Officer Gramke provided ample testimony concerning his prior experience with intoxicated persons. Gleason's fourth assignment of error is therefore overruled.

■ In his fifth assignment of error, Gleason challenges the trial court's replacement of a juror who failed to appear on the second day of trial at the time the trial was scheduled to resume. The replacement of a juror with an alternate, as contemplated by R.C. 2945.29 and Crim.R. 24(F), is within the trial court's discretion. *State v. Coleman* (1988), 37 Ohio St.3d 286, 525 N.E.2d 792. We find that the trial court did not abuse its discretion by replacing the absent juror with an alternate, where by doing so it avoided substantial delay of the proceedings. Gleason's fifth assignment of error is without merit.

■ In his sixth and final assignment of error, Gleason claims that the trial court erred in refusing to answer a question submitted by the jury during its deliberations.[1] Gleason bases his argument, albeit indirectly, on former R.C. 2315.06, which required a trial court upon request to further instruct a jury on the law of the case. See *Cincinnati v. Epperson* (1969), 20 Ohio St.2d 59, 49 O.O.2d 342, 253 N.E.2d 785. R.C. 2315.06 was repealed in 133 Ohio Laws 1201, effective July 1, 1971. In *Epperson,* cited by Gleason as authority for his position, the Supreme Court of Ohio relied solely upon R.C. 2315.06 for its holding that the failure of a trial court to answer a question of law relating to a defense presented in the case constitutes prejudicial error. We no longer consider *Epperson* to be binding precedent.

---

1. The question submitted by the jury read: "If you refuse the breath test, do you lose your driver's license automatically?"

Civ.R. 51(B) now provides that during the course of the trial, "the court *may* give the jury cautionary and other instructions of law relating to trial procedure, credibility and weight of the evidence, and the duty and function of the jury and may acquaint the jury generally with the nature of the case." (Emphasis added.) Because the request of the jurors did not relate to whether Gleason was driving under the influence of alcohol, or to the purpose for which evidence of his refusal to submit to an intoxilyzer test may be considered under *Westerville, supra,* or to any other matter enumerated in Civ.R. 51(B), we do not consider the trial court to have abused its discretion in refusing to answer the jury's question. See *State v. Dingus* (1970), 26 Ohio App.2d 131, 55 O.O.2d 280, 269 N.E.2d 923, affirmed (1971), 26 Ohio St.2d 141, 55 O.O.2d 274, 269 N.E.2d 923. Gleason's sixth assignment of error is, therefore, overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., KLUSMEIER and UTZ, JJ., concur.