The STATE of Ohio, Appellee,

v.

HARKNESS, Appellant.

[Cite as *State v. Harkness* (1991), 75 Ohio App.3d 7.]

Court of Appeals of Ohio,
Huron County.

No. H–90–36.

Decided July 12, 1991.

*Michael R. Fegen,* Prosecuting Attorney, and *Daniel M. Kasaris,* for appellee.

*Russell V. Leffler,* for appellant.

*Per Curiam.*

This is an appeal from the Huron County Court of Common Pleas, which, following a jury verdict, found appellant guilty of escape in violation of R.C. 2921.34. Because we find the trial court improperly refused to instruct the jury on the affirmative defense of necessity raised by appellant, we vacate the trial court's judgment and remand.

Appellant, Anthony Charles Harkness, was recruited by the Norwalk Police Department's Drug Task Force to serve as an undercover drug informant. The targets of the investigation were two suspected drug dealers. One of the suspects was considered potentially dangerous. Police informed appellant of the dangers involved.

Appellant made several unsuccessful attempts to purchase drugs from these suspects. On February 15, 1990, appellant informed a task force member that he felt his "cover had been blown."

In an incident unrelated to his role as an informant, appellant was charged with disorderly conduct, a minor misdemeanor. A trial was scheduled for February 13, 1990, at 11:30 a.m. Appellant failed to appear at 11:30 a.m. and the court issued an order for a bench warrant. However, appellant did appear two hours later. The matter was then reset for February 20, 1990 at 9:00 a.m. Nothing in the record clearly indicates whether a warrant was ever issued.

In the early morning hours of February 20, 1990, appellant was again detained for a new minor misdemeanor disorderly conduct charge. Officer Delores Conklin, a drug task force member, issued appellant a summons on

the charge and took him to the Huron County Jail for an eight-hour alcohol hold.

The next morning, confusion set in when appellant was taken before the Norwalk Municipal Court, presumably for the rescheduled trial on the prior disorderly conduct charge. Instead of a trial, however, a bond hearing was held, apparently on the prior charge, although the record is unclear. A cash bond of $600 was set on that minor misdemeanor. Appellant, unable to post bond, was remanded into the custody of the Huron County Sheriff's Department.

Appellant was transferred to the Huron County Jail. While exiting the police cruiser, appellant broke custody and fled on foot, but was captured within minutes thereafter. Appellant was charged with escape and theft of handcuffs.[1]

At the escape trial, appellant testified that he fled because he feared for his life, if jailed, due to his relationship with the police as a drug informant.

Appellant gave several reasons for this belief: he felt his "cover had been blown" on February 15, 1990; on February 19, 1990, he had been assaulted by three men after they informed him that the word was on the street that he was an informant; and he had personal knowledge of a prior murder of a drug informant. Both Officer Conklin and appellant's mother testified that appellant was concerned about his "cover being blown."

Based on this testimony, appellant submitted a proposed jury instruction on the defense of necessity. Appellant also requested an instruction on the defense of irregularity in bringing about or maintaining detention. Appellant argued that the Norwalk Municipal Court lacked jurisdiction for the following reasons: none of the documents in the record showed that a hearing had been set for February 20, 1990; the misdemeanor citation issued by Officer Conklin required appearance at a later time; and there was no evidence presented that a warrant had, in fact, been issued.

The trial court refused to instruct the jury on either of the defenses. The jury returned a verdict of guilty, and the trial court sentenced appellant to one year of imprisonment. From this verdict and order appellant appeals with two assignments of error:

"I. The trial court erred in refusing to instruct the jury on the affirmative defense of irregularity in bringing about or maintaining detention.

---

1. Appellant was indicted on the theft of handcuffs but this charge was dismissed by the state prior to trial.

"II.   The trial court erred in refusing to instruct the jury on necessity as a defense."

"In a criminal case, if requested special instructions to the jury are correct, pertinent and timely presented, they must be included, at least in substance, in the general charge." *Cincinnati v. Epperson* (1969), 20 Ohio St.2d 59, 49 O.O.2d 342, 253 N.E.2d 785, paragraph one of the syllabus.   In the case at bar the correctness of the proposed instructions and the timeliness of their request are not at issue.   Accordingly, if the requested instructions are legally pertinent to the case, it is error for the court to fail to present such instructions.   Our focus then is on the question of whether instructions on the defenses of irregularity and necessity were pertinent to the charge of escape in this case.

## I.   Irregularity

Appellant, at the time he was incarcerated, was charged with two minor misdemeanors.   Appellant could have avoided incarceration by posting a $600 bond, but was financially unable to do so.   The maximum penalty for a minor misdemeanor is a $100 fine with no possibility of jail time.   R.C. 2929.21.   Thus, with two minor misdemeanors pending, appellant was facing a maximum penalty of $200.   Clearly a bond set at triple the maximum possible penalty is excessive.   *Stack v. Boyle* (1951), 342 U.S. 1, 4–5, 72 S.Ct. 1, 3, 96 L.Ed. 3, 6;  see, also, *Robertson v. Goldman* (1988), 179 W.Va. 453, 369 S.E.2d 888.

The issue, however, is not whether appellant was lawfully or constitutionally incarcerated, but whether his unlawful incarceration gave him license to escape custody.

"Irregularity in bringing about or maintaining detention * * * is not a defense to [escape] if the detention is pursuant to a judicial order * * *."  R.C. 2921.34(B).   Appellant would have us insert the word "lawful" before the words "judicial order" in the statute.   We decline his suggestion to do so.  The plain language of the statute is that where there is a judicial order, irregularity is not available as a defense.   The statute is unambiguous; therefore, we are not permitted to interpret its plain meaning.   R.C. 1.42. Accordingly, the defense of irregularity was not available to the appellant at trial, and the trial court did not err in refusing to instruct the jury on that defense.   Thus, appellant's first assignment of error is not well taken.

## II.   Necessity

In Ohio, necessity is recognized as an affirmative defense to escape. *State v. Cross* (1979), 58 Ohio St.2d 482, 12 O.O.3d 396, 391 N.E.2d 319,

syllabus. In a criminal case involving an affirmative defense, the defendant has the burden of going forward with the evidence of a nature and quality sufficient to raise that defense. *Id.* at 485, 12 O.O.3d at 398, 391 N.E.2d at 321, fn. 5; R.C. 2901.05(A).

In order to establish the defense of necessity, five elements must be established:

"1. the defendant was faced with a specific threat of death, forcible sexual attack, substantial bodily injury, or substantial health impairment in the immediate future;

"2. there was no time for complaint to the authorities or there existed a history of futile complaints or complete inaction which make any result from such complaints illusory;

"3. there was no time or opportunity to resort to the courts;

"4. there was no evidence of force or violence used toward prison personnel or other 'innocent' persons in the escape, and;

"5. the defendant reported to the authorities when he attained a position of safety from the immediate threat * * *." *State v. Cross, supra,* 58 Ohio St.2d at 484, 12 O.O.3d at 397, 391 N.E.2d at 321, fn. 3, adopting the standards in *People v. Lovercamp* (1974), 43 Cal.App.3d 823, 118 Cal.Rptr. 110.

■ Relating these criteria to the evidence elicited in the case at bar we find that appellant presented testimony that if believed by the jury would establish that: (1) appellant subjectively believed, and there was objective evidence to support the belief, that were he to be placed in jail he might be subject to serious bodily injury or death as the result of his activities as a police informant; (2) given his pledge of secrecy as a police informant appellant may have believed that his complaints might be futile; (3) once appellant was in the police car being transported to jail, there was no time for resort to the courts; (4) there was no evidence that appellant used force or violence in his escape; (5) appellant's escape was of such short duration that he did not have the opportunity to report to authorities when he had attained a position of safety.

Appellant, having established some evidence going to each of the elements of the defense of necessity, properly established the defense as being pertinent to the case. *Epperson, supra.* Therefore, appellant was entitled to a jury instruction on necessity. The trial court erred to the prejudice of the appellant by failing to include such an instruction in its jury charge. Therefore, appellant's second assignment of error is found well taken.

On consideration whereof, the court finds that the defendant was prejudiced and prevented from having a fair trial, and the judgment of the Huron County

Court of Common Pleas is reversed. This cause is remanded to said court for further proceedings not inconsistent with this decision. It is ordered that appellee pay court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

HANDWORK, P.J., GLASSER and SHERCK, JJ., concur.