A. William Sweeney, J.
The crucial issue posed in this appeal is whether the trial court erred to the prejudice of defendant in refusing to provide the jury with a definition of “bona fide” in determining whether any of defendant’s actions were performed in the course of the bona fide treatment of a patient. Since we believe the trial court erred in refusing to provide the jury with a definition of “bona fide,” we affirm the judgment of the court of appeals below.
The version of R.C. 2925.03 applicable to this action provided in relevant part:
*593 “(B) This section does not apply to manufacturers, practitioners, pharmacists, owners of pharmacies, and other persons whose conduct is in accordance with Chapters 3719., 4715., 4729., 4731., and 4741. of the Revised Code.” (Now renumbered R.C. 2925.03[B][1].)
In State v. Sway (1984), 15 Ohio St.3d 112, 15 OBR 265, 472 N.E.2d 1065, this court held in the syllabus:
“A physician who unlawfully issues a prescription for a controlled substance not in the course of the bona fide treatment of a patient is guilty of selling a controlled substance in violation of R.C. 2925.03.”
The plaintiff-appellant, state of Ohio, argues that the term “bona fide” is in general usage and that its overall definition is known to the average layperson. The state contends that in determining whether the conduct of a physician constitutes bona fide medical treatment, the jury must not consider the physician’s subjective state of mind, but rather it must consider whether the physician’s conduct was in accordance with the standards of medical practice established by regulations set forth in, inter alia, R.C. Chapters 3719 and 4731.
Defendant and amicus, Ohio Association of Criminal Defense Lawyers, essentially argue that under this court’s decision in Sway, supra, a jury instruction in a prosecution of a physician-practitioner for alleged violations of R.C. Chapter 2925 should focus the jury’s attention on the physician’s subjective state of mind as well as objective criteria in order to determine whether a physician’s actions were performed in the course of the bona fide treatment of a patient.
In Cincinnati v. Epperson (1969), 20 Ohio St.2d 59, 49 O.O.2d 342, 253 N.E.2d 785, this court held in the first paragraph of the syllabus:
“In a criminal case, if requested special instructions to the jury are correct, pertinent and timely presented, they must be included, at least in substance, in the general charge. (State v. Barron, 170 Ohio St. 267 [10 O.O.2d 299, 164 N.E.2d 409], followed.)” Accord State v. Nelson (1973), 36 Ohio St.2d 79, 65 O.O.2d 222, 303 N.E.2d 865, paragraph one of the syllabus. See, also, State v. Comen (1990), 50 Ohio St.3d 206, 553 N.E.2d 640.
In our view, the court of appeals below was correct in holding that the trial court erred in not instructing the jury on the meaning of “bona fide,” because defendant’s proposed instruction, as set forth in footnote 1, satisfied the requirements of Epperson, supra, and other like precedents. Moreover, the trial court’s charge to the jury, as set forth in footnote 2, was unsatisfactory because it required the jury to limit its inquiry to simply whether defendant *594 had complied with the statutes and rules regulating the conduct of physicians in prescribing or dispensing controlled substances.
Defendant’s proposed instruction on the definition of “bona fide,” on the other hand, would have led the jury to consider defendant’s subjective state of mind, ie., his intent, in determining whether his actions constituted criminal conduct under the law. The statutory scheme of R.C. Chapter 2925 does not and cannot make mere negligence in the prescribing of drugs a crime. Criminal intent must be shown in order to support a conviction thereunder. Thus, we reject the state’s argument that a physician’s subjective state of mind is largely irrelevant in determining whether a physician’s actions occurred in the course of the bona fide treatment of a patient.
Likewise, we reject the state’s assertion that the term “bona fide” needs no elucidation or definition in a criminal prosecution under R.C. Chapter 2925. Given our holding in Sway, supra, and in light of the statutes and rules governing a physician-practitioner’s conduct in the prescribing and dispensing of controlled substances, we find the term “bona fide” in this context to be akin to such legally important terms as “knowingly,” “intentionally” or “purposely,” which are otherwise familiar to lay persons, but which are also universally defined in jury instructions in criminal prosecutions throughout the country.
Our holding herein parallels those decisions from other jurisdictions which have held that a physician-practitioner’s subjective state of mind must be shown, where the prosecution attempts to prove that the prescription of controlled substances goes beyond the realm of legitimate medical treatment into the area of criminal conduct. See, e.g., People v. Downes (1975), 394 Mich. 17, 228 N.W.2d 212 (physician); Commonwealth v. Comins (1976), 371 Mass. 222, 356 N.E.2d 241 (osteopath); and State v. Young (1991), 185 W.Va. 327, 406 S.E.2d 758 (dentist).
In addition, standardized federal jury instructions contain a good-faith test applicable in federal prosecutions of physicians brought under Section 841(a)(1), Title 21, U.S.Code. See Sand, Siffert, Loughlin & Reiss, 2 Modern Federal Jury Instructions (1992) 56-43 and 56-48, Instructions 56-19 and 56-20, Paragraph 56.02.
Consequently, inasmuch as the trial court did not charge the jury with the proposed instruction proffered by defendant, which would have permitted the jury to consider defendant’s subjective state of mind in considering the criminality, or lack thereof, of defendant’s conduct, the court of appeals correctly reversed the multiple convictions rendered against defendant.
Based on all the foregoing, we adhere to our prior decision in Sway, supra, and construe the exemption for physician-practitioners set forth in R.C. *595 2925.03(B), by holding that in the prosecution of a physician for alleged violations of R.C. Chapter 2925, a trial court commits reversible error when it refuses to give a requested jury instruction that permits the jury to consider a physician’s subjective state of mind, as well as objective criteria, in determining whether the physician’s actions were performed in the course of the bona fide treatment of a patient.
Accordingly, the judgment of the court of appeals is hereby affirmed.

Judgment affirmed.

Moyer, C.J., Douglas and H. Brown, JJ., concur.
Holmes, Wright and Resnick, JJ., dissent.