The **STATE** of Ohio, Appellee,

v.

**BOULABEIZ**, Appellant.

[Cite as *State v. Boulabeiz* (1994), 92 Ohio App.3d 238.]

Court of Appeals of Ohio,
Hamilton County.

No. C–930001.

Decided Jan. 26, 1994.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Gwendolyn M. Schratt,* Assistant Prosecuting Attorney, for appellee.

*James N. Perry,* for appellant.

*Per Curiam.*

The defendant-appellant, Makhlouf Boulabeiz, has taken the instant appeal from the judgment of the court below convicting him, following a jury trial, on four counts of felonious assault, in violation of R.C. 2903.11. In his three assignments of error, Boulabeiz alleges that (1) the prosecutor acted improperly when, during cross-examination of a defense witness, he asked questions concerning the witness's religious and cultural beliefs towards women; (2) the trial court erred when it overruled Boulabeiz's motion for a new trial; and (3) the trial court erred in rejecting the jury instructions offered by Boulabeiz.

During the early morning hours of July 19, 1992, Boulabeiz was operating his automobile along Manss Avenue in Cincinnati when he noticed two women in a fight that moved from the curb to the road ahead of him. Boulabeiz brought his vehicle to a stop and sounded his horn. When the women continued to grapple in the street, however, Boulabeiz proceeded forward and his car rolled over the women. Then, he stopped, backed over them, and moved forward again, travelling approximately fifty-five feet with both women still trapped underneath the automobile. The women suffered extensive and serious injuries.

Boulabeiz was arrested and charged in an indictment with four counts of felonious assault. During the trial, Boulabeiz conceded that he struck the women with his car. He claimed, however, that he lost control of his vehicle after being struck in the face by a man who emerged from a crowd of people that had formed in the area. The state, on the other hand, characterized Boulabeiz as a motorist who became impatient and who knowingly elected to drive through the obstruction that had been created by the fighting in the roadway. At the conclusion of the trial, the jury found Boulabeiz guilty of the charged offenses, his motion for a new trial was overruled, and he was sentenced as appears of record.

█ The first two assignments of error advanced by Boulabeiz are related and we choose to address them together. In these assignments, Boulabeiz alleges that as a result of the prosecuting attorney's misconduct, he was denied a fair trial and that the trial court should have granted his motion for a new trial. These assignments are overruled.

█ The test for prosecutorial misconduct is whether remarks or actions were improper and, if so, whether they prejudicially affected the substantial rights of the accused. *State v. Lott* (1990), 51 Ohio St.3d 160, 555 N.E.2d 293.

In the instant case, the record reveals that the prosecutor questioned Mohammed Aouad, a witness called by the defense, about matters concerning the culture and beliefs of the people living in his native country, Morocco, about the number of brothers and sisters in his family, whether his sisters travelled, whether women living in Morocco had the right to vote or to own property, whether women were required to cover their faces, and about the consequences a Moroccan woman might face if she fought in the street. The prosecutor did not discuss this subject again until his closing argument, when, during rebuttal, he stated:

"Why would anybody do this? And that was the only reason for asking questions about the cultural mind-set that exists in another part of the world in terms of attitude towards women, and I think that could be part of this. I don't know.

"But Mohammed sat there and said that in our part of the world we don't have this. Women don't fight in the street. You never see that."

Boulabeiz claims that the prosecutor acted improperly when he introduced this line of questioning into the proceedings, and when he discussed it during the rebuttal portion of his closing argument, which, at the time, effectively denied Boulabeiz an opportunity to offer a meaningful response.

We agree with Boulabeiz that his guilt or innocence with respect to the charged offenses should have been predicated upon the jury's interpretation of the relevant, probative evidence adduced at trial. While the prosecutor's questions and remarks concerning the culture and beliefs of a foreign nation towards women may have been irrelevant and improper, it is manifest that the state presented overwhelming evidence at trial, through eyewitness testimony of several people, which demonstrated that Boulabeiz deliberately struck the women with his automobile as they fought in the street. For this reason, we are not persuaded that the statements or actions of the prosecuting attorney prejudicially affected a substantial right of Boulabeiz or that Boulabeiz was entitled to a new trial on that ground. The first two assignments of error are, therefore, overruled.

■ In his third assignment of error, Boulabeiz alleges that the trial court erred when it refused to instruct the jury on justification, duress, mistake of fact, and self-defense. This assignment is overruled.

■ The general rule in Ohio regarding special instructions in a criminal case is that if the requested instructions to the jury are correct, pertinent and timely presented, they must be included, at least in substance, in the general charge. *Cincinnati v. Epperson* (1969), 20 Ohio St.2d 59, 49 O.O.2d 342, 253 N.E.2d 785.

The question before this court is whether the proposed charges were applicable, *i.e.*, pertinent, to the evidence introduced in this case. The instructions advanced by Boulabeiz concerned affirmative defenses to the charged offenses. Thus, pursuant to R.C. 2901.05, the burden was on Boulabeiz at trial to demonstrate that his actions were justified or were the product of duress, mistake of fact or self-defense. See *State v. Clark* (Aug. 25, 1993), Hamilton App. No. C–920877, unreported 1993 WL 323392. Boulabeiz now cites the size of the crowd, the women fighting in the street, the unidentified bystander who struck him in the face, and lack of knowledge that the women were in the street to support his request for the special charges to the jury.

Based upon our review of the record, we are not convinced that the evidence warranted any of the instructions offered by Boulabeiz. It is manifest that Boulabeiz knew the women had blocked his path in the street because he stopped his automobile and sounded his horn. This fact was confirmed by several witnesses. In addition, every witness who was called to testify below except one, Aouad, a friend of Boulabeiz, was adamant that Boulabeiz was not confronted or struck by any individual prior to his vehicle's impact with the women. While there was a large group of people in the area, this fact alone certainly cannot serve as a basis to support or explain Boulabeiz's actions on that tragic night.

Accordingly, we are unable to say, based on our review of the evidentiary material, that the trial court erred when it declined to deliver the jury instructions submitted by Boulabeiz. The third assignment of error, therefore, is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., SHANNON and HILDEBRANDT, JJ., concur.