OPINION
Defendant-appellant, Kevin Myers, appeals from the judgment of conviction and sentence of the Henry County Court of Common Pleas entered on a jury verdict in which defendant was found guilty of two counts of intimidation.
Defendant was originally indicted on four counts of intimidation, in violation of R.C. 2921.03(A). Following a jury trial, defendant was acquitted of the first count of intimidation involving Assistant Prosecuting Attorney Gerald Laver and one count of intimidation of any deputy sheriff. The jury found defendant guilty of the other count of intimidation of any deputy sheriff and the one involving Henry County Deputy Sheriff Zuber. Defendant now appeals from this verdict, raising three assignments of error.
For his first assignment of error, defendant asserts:
 The trial court committed error prejudicial to the appellant by denying his motion for a judgment of acquittal premised on legally insufficient evidence adduced by the State in its case in chief.
 Defendant contends that there was insufficient evidence adduced to establish the element of "unlawful threat of harm" under R.C. 2921.03 for intimidation and that he was entitled to an acquittal pursuant to Crim.R. 29 on both of the counts of which he was found guilty. Defendant notes that the term "unlawful threat" is not defined in the statute. Defendant relies on the menacing statutes to suggest that the State was required to prove that the threat produced fear or apprehension in the victim.
R.C. 2921.03(A) states that "[n]o person, knowingly and * * * by unlawful threat of harm to any person or property, * * * shall attempt to influence, intimidate, or hinder a public servant * * * in the discharge of the person's duty." In the absence of a statutory definition, a term "is to be accorded its common, everyday meaning." State v. Dorso (1983), 4 Ohio St.3d 60, 62. Black's Law Dictionary defines "unlawful" as "[t]hat which is contrary to, prohibited, or unauthorized by law." Black's Law Dictionary (6 Ed. 1990) 1536. Certainly unlawful acts being threatened may be said to be "unlawful threats." However, under this definition, an unlawful threat does not necessarily mean a threat which causes fear or apprehension by the intended target. Notably, R.C. 2921.03(A) requires only an "attempt" to influence, intimidate, or hinder; it is not necessary to establish that the officer was actually prevented from doing a particular task.State v. Basterfield (Feb. 7, 1996), Lorain App. No. 94CA005985, unreported at *2, 1996 WL 48545.
The decision of the trial court to deny a motion for judgment of acquittal pursuant to Crim.R. 29(A) based on the sufficiency of the evidence will be upheld if, after viewing the evidence in a light most favorable to the state, the reviewing court finds that any rational fact finder could have found the essential elements of the charge proven beyond a reasonable doubt. State v. Dennis
(1997), 79 Ohio St.3d 421, 430.
In the instant case, the record indicates that on July 31, 1997, during defendant's first telephone call with the Henry County Sheriff's Department dispatcher regarding a summons, defendant told the dispatcher two times that "if an officer comes to my fucking door step there will be a ball bat waiting for his fucking skull" and also told her that she "can call a fucking ambulance to pick the person up." The dispatcher relayed the defendant's threats to a Henry County Deputy Sheriff. The unlawful acts of felonious assault threatened in this instance clearly amounted to an "unlawful" threat as it relates to count three of the indictment. Thus, upon the particular facts of this incident, we conclude that the State sufficiently proved the element of "unlawful threat" as required by R.C. 2921.03(A).
Likewise, as for the fourth count, the evidence was sufficient to enable the trier of fact to reasonably conclude that defendant's statements during the third call resulted in an unlawful threat of harm to Deputy Sheriff Tricia Zuber. Later that same day, defendant called the sheriff's office and spoke to Deputy Zuber. Defendant repeatedly used vulgar language during the call and again threatened serious physical harm directed at the officer who serves defendant with a summons, as well as to Deputy Zuber. Defendant once again brought up the ball bat and told her if she came to his house again, he was not "going to put up with this shit anymore." Contrary to defendant's assertion, this was sufficient to establish that defendant threatened or intimidated Deputy Zuber. In fact, the testimony established it was not unreasonable for the deputy to believe that defendant's threats put her in fear of harm. The deputy testified that after the phone call from defendant, she was a little nervous about again attempting to serve the summons. Because she "was in fear" and had "asked for backup," two officers eventually served the summons on defendant. She stated it was not normal practice for two officers to serve a summons.
Thus, under the facts of this case, we conclude that the trial court did not err in denying defendant's Crim.R. 29 motion as to counts three and four. Additionally, the judgment of acquittal on the other two counts renders moot the remainder of defendant's assignment of error. Accordingly, defendant's first assignment of error is overruled.
For his second assignment of error, defendant asserts:
 The trial court committed error prejudicial to the appellant by failing to instruct the jury on the correct principles of law applicable to the charge of intimidation.
 Defendant argues that the jury was not instructed on the correct definition of "unlawful threat of harm."
If the proposed instruction for the jury is correct, pertinent and timely presented, the trial court must include it, at least in substance, in the general charge. State v. Guster (1981), 66 Ohio St.2d 266,269, citing Cincinnati v. Epperson (1969), 20 Ohio St.2d 59, paragraph one of the syllabus; State v. Rivers (1977),50 Ohio App.2d 129, 134. In this case, defendant's proposed jury instructions were the following: "Unlawful threat means a direct or indirect threat that is contrary to law. For a threat to be lawful, there must exist in the mind of person threatened a reasonable belief that he or she was in danger of physical harm perpetrated by the defendant." The trial court, however, defined unlawful threat as "a direct or indirect throat [sic threat] that is contrary to law, wrongful."
As discussed previously, the definition of the term "unlawful threat" used in R.C. 2921.03(A) does not necessarily require fear or apprehension by the person purportedly threatened. Moreover, R.C. 2921.03(A) does not require physical harm be threatened. Thus, we conclude that it was not error for the trial court to refuse to give defendant's requested instruction. Since the trial court gave the dictionary definition of "unlawful" in its instruction, the jury received adequate instructions regarding the meaning of this element in R.C. 2921.03(A). Defendant's second assignment of error is overruled.
For his third assignment of error, defendant asserts:
 The trial court committed error prejudicial to the appellant by denying his motion to dismiss the indictment on the grounds that the prosecution of the indictment violated appellant's rights guaranteed by the 1st Amendment to the United States Constitution and Article I, Section 11 of the Ohio Constitution.
 Defendant contends that the trial court committed error prejudicial to his free speech rights as guaranteed by the First Amendment of the United States Constitution and Article I, Section 11 of the Ohio Constitution when it failed to dismiss the intimidation charges.
As stated in Cleveland v. Trzebuckowski (1999), 85 Ohio St.3d 524,528, "[u]nder the Ohio Constitution, free speech guarantees are no broader than those guaranteed by the First Amendment to the United States Constitution." (Citation omitted.) The law is well settled that a statute is entitled to a strong presumption of constitutionality. State v. Brooks (1996), 75 Ohio St.3d 148,155, citing State v. Warner (1990), 55 Ohio St.3d 31, 43. It has been recognized that threats which intimidate or cause fear or apprehension by the recipient are unprotected by theFirst Amendment. Dayton v. Dunnigan (1995), 103 Ohio App.3d 67, 71, citing Mozzochi v. Borden (C.A.2, 1992), 959 F.2d 1174; UnitedStates v. Khorrami (C.A.7, 1990), 895 F.2d 1186; United States v.Bellrichard (C.A.8, 1993), 994 F.2d 1318; United States v. Lee
(C.A.8, 1991), 935 F.2d 952. Additionally, threats are not a form of speech protected under the First Amendment where the threat is true and not merely conditional. Watts v. United States (1969),394 U.S. 705, 708.
R.C. 2921.03(A) explicitly prohibits only "unlawful" threats which are closely associated with unprotected speech. Given the facts above, we do not agree with defendant that his speech here was only "talking back to the government." Certainly, defendant's threats of physical violence are not constitutionally protected speech. Accordingly, as applied to the defendant, the statute in question does not deprive him of his constitutional rights of free speech. Defendant's third assignment of error is overruled.
The judgment of the Henry County Court of Common Pleas is affirmed.
Judgment affirmed.
 SHAW, J.
 HADLEY, P.J., and WALTERS, J., concur.