OPINION
Angelique Byrd appeals from her conviction in the Champaign County Common Pleas Court of one count of tampering with evidence and three counts of tampering with evidence.
Angelique Byrd is the mother of four small children. Byrd met a Chris Brown in early February 1999 and became his girlfriend. She became aware early on that Brown was a drug dealer and on several occasions witnessed his drug transactions. Although Brown lived in Dayton, he often spent nights at Byrd's residence in Urbana.
On March 11, 1999, Urbana police received information that Montgomery County had issued warrants for Brown's arrest for domestic violence and probation violations and that Brown was presently at the Byrd residence.
Prior to entering Byrd's residence, the Urbana police dispatcher called several times to speak with Chris Brown. The dispatcher informed Byrd that the police were looking for Brown to arrest him.
Sergeant John Purinton testified he and other officers entered Byrd's residence when she opened the front door for them. Purinton stated he encountered Brown who initially gave him a false name. Brown was placed on a chair in the kitchen area.
Purinton stated he and the other officers went to the rear of the residence where he encountered three small children coming out of a bedroom. Purinton testified that Sergeant Gary Kimple pointed to a small bag of what appeared to be crack cocaine on the bedroom floor near a mattress. (Tr. 163).
Sergeant Kimple testified he conducted a more thorough search of the bedroom and found another small baggy of crack cocaine under the mattress of the bed. (Tr. 183). Kimple stated the children had just been sitting on the mattress prior to his discovering the cocaine. (Tr. 182). Kimple testified he found a crack pipe located in a "baby wipe box" on the box spring. Kimple also recovered a plate and a razor blade under a baby crib in the bedroom. Kimple testified razor blades are used to cut cocaine to fit into a crack pipe.
Kimple testified he asked the defendant who the plastic bags belonged to and she said Chris Brown had given them to her to hide. (Tr. 190).
The State presented evidence that the defendant's three children present at the home were Marcus age 5, Quincy, age 3, and Dominique, age 1. The State also presented evidence that the defendant visited Chris Brown at the county jail after his arrest.
The defendant testified she had a stormy relationship with Brown and that just a few days earlier he had beaten her up. She testified she did not know what she had placed under the mattress but whatever it was she did so because she was afraid of Brown. She showed the jury a black eye and arm bruises which she said Brown inflicted upon her on the earlier occasion. The defendant admitted she visited Brown after his arrest at the jail but said she did so because she was afraid not to and to tell him she was pregnant with his child. On cross-examination, the defendant admitted she told her mother that she sustained her injuries in a car wreck., Appellant contends in her first two assignments that her convictions were based on insufficient evidence. Insufficiency is established when no rational jury could conclude the State had proven the defendant's guilt beyond a reasonable doubt. A conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31; Statev. Jenks (1991), 61 Ohio St.3d 259.
Child endangering involves creating a substantial risk to the health or safety of the child by violating a duty of care, protection or support. R.C. 2919.22(A). Substantial risk means a strong possibility. The culpability for the offense is recklessness. State v. McGee (1997), 79 Ohio St.3d 193, 195. A person acts recklessly, when with heedless indifference to the consequences, he perversely disregards a known risk that his conduct will cause a certain result.
Several courts have held that permitting illegal drugs to be present in the home or presence of children is a violation of R.C.2919.22(A). See State v. Tschudy (May 24, 1995), Summit App. No. 16820, 1995 Ohio App. LEXIS 2168, unreported; In re Beeman
(November 4, 1994), Lake App. No. 93-L-098, 1994 Ohio App. LEXIS 4999, unreported; and State v. Moore (September 20, 1991), Sandusky App. No. S-90-16, 1991 Ohio App. LEXIS 4364, unreported.
The State presented evidence that the defendant permitted a known drug dealer to spend nights in her home and to bring drugs and drug paraphernalia into the very bedroom where her children slept. A rational jury was not required to believe the defendant's testimony that she was unaware of the presence of these dangerous items in her home., Appellant was also convicted of tampering with evidence based on her testimony that she threw the drugs under the mattress. Ohio law provides that no person knowing that an investigation is in progress shall conceal anything with purpose to impair its availability as evidence. R.C. 2921.12(A)(1). The State presented evidence that the defendant was aware the police were at her home to arrest her boyfriend who she knew to be a drug dealer. She admitted to the officer that she threw the drugs under the mattress at the request of her boyfriend to "hide this." Although she contended she did so because she was afraid of him, a rational jury was not required to believe her testimony in that regard. One of the essential features of a duress defense is the sense of present, imminent and impending death or serious bodily harm.State v. Cross (1979), 58 Ohio St.2d 482, 487; the belief or sense must be objectively reasonable. State v. Harkness (1991),75 Ohio App.3d 7, 11. Defendant bore the burden of persuasion by a preponderance of evidence on that affirmative defense. The first two assignments of error are overruled.
In her third assignment she contends the judgment of the trial court was against the weight of the evidence. In reviewing this type of assignment, we review the record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving the conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice.
We cannot say we disagree with the jury's resolution of the testimony in this case or that it lost its way at arriving at the verdicts entered herein. See State v. Thompkins (1997), 78 Ohio St.3d 380. The third assignment of error is likewise overruled.
The judgment of the trial court is Affirmed.
FAIN, J., and YOUNG, J., concur.