{¶ 54} I concur with the judgment and opinion of the majority with the following observations.
 {¶ 55} Under Crim.R. 30, "a trial court must fully and completely give the jury all instructions which are relevant and necessary for the jury to we igh the evidence and discharge its duty as the fact finder."State v. Comen (1990), 50 Ohio St.3d 206, paragraph two of the syllabus. However, a trial court is not required to give a requested instruction if the instruction is already covered by the general charge. See, e.g.,State v. McCarthy (1992), 65 Ohio St.3d 589, 593.
 {¶ 56} With that in mind, I agree that the "knowingly" instruction given by the trial court was a correct statement of the law. The Ohio Jury Instruc tions clearly provide two different instructions that a court may give a jury when defining that term. See 4 Ohio Jury Instructions (2002) 61, Section 409.11. My only concern is that the given instruction was not the "best" definition to be applied under the known facts in this case. The instruction requested by appellant provided a better explanation on precisely the issue the jury was to determine when deciding whether appellant was guilty of felonious assault.
 {¶ 57} Having said that, the trial court did give appellant the option of having the court read both definitions to the jury. Appellant, however, d eclined the trial court's offer and reiterated his desire to have the jury simply instructed on the first definition. Accordingly, appellant chose to forego the opportunity of having the trial court instruct the jury as requested.
 {¶ 58} While I find it befuddling that the jury acquitted appellant on one of the two felonious assault charges, I cannot say that the jury was so con fused about the meaning of "knowingly" that it somehow affected the outcome of appellant's trial. As a result, I agree with the majority that the trial court did not abuse its discretion in denying appellant's requested instruction.