{¶ 27} I concur in judgment and opinion on the second assignment of error. However, I concur in judgment only on the first assignment of error because I would apply a different standard of review in spite of the citations, which are accurate, that the principal opinion utilizes.
 {¶ 28} Generally, a trial court should give a jury instruction requested by a party if it is a correct statement of the law as applied to the facts of that particular case. Murphyv. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591,575 N.E.2d 828. Thus, the refusal to give a requested jury instruction is reversible error only if the instruction was a correct statement of the law, was not covered by other instructions and the failure to give the instruction impaired the theory of the case of the party requesting it. Alford v. Nelson
(Oct. 12, 1994), Jackson App. No. 93CA720, unreported. While the wording and form of an instruction are within the sound discretion of the trial court, the court must charge on all relevant questions of law if the issues are raised by the evidence. Thus, whether the court erred by its decision not to give any instruction at all is reviewed as a question of law.Murphy, supra. See, also, by way of analogy, State v.McCarthy (1992), 65 Ohio St.3d 589, 593, 605 N.E.2d 911, andCincinnati v. Epperson (1969), 20 Ohio St.2d 59,253 N.E.2d 785, paragraph one of the syllabus. McLaughlin v. Lowman (May 6, 1997), Pike App. No. 96CA572, unreported; State v. Powell
(Sept. 29, 1997), Ross App. No. 96CA2257, unreported.