CONCURS IN PART AND DISSENTS IN PART SAYING:
 {¶ 51} I dissent from the majority's opinion to the extent that it affirms the trial court's refusal to give a reckless homicide instruction. Moreover, while I agree with the majority's conclusion that the trial court did not err by denying Mr. Elwell's request for an accident instruction, the request was properly denied, not because of the extensive evidence contradicting Mr. Elwell's accident claim, as the majority has held, but because the jury instructions that the court gave were sufficient to address the issue of accidental death. *Page 25 
 {¶ 52} Section 2903.04.1 of the Ohio Revised Code defines reckless homicide as "recklessly caus[ing] the death of another or the unlawful termination of another's pregnancy." Pursuant to Section 2901.22(C) of the Ohio Revised Code, "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature."
 {¶ 53} Reckless homicide is a lesser included offense of both murder and felony murder. State v. Alston, 9th Dist. No. 05CA008769,2006-Ohio-4152, at ¶ 48; State v. Benson, 8th Dist. No. 87655,2007-Ohio-830, at ¶ 112. An offense is a lesser included offense if it carries a lesser penalty than the other offense; if, as statutorily defined, the greater offense cannot be committed without the lesser offense; and if some element of the greater offense is not required to prove the lesser offense. Alston at ¶ 47 (quoting State v. Deem,40 Ohio St. 3d 205, 209 (1988)). The penalty for reckless homicide — a third degree felony — is less than the penalty for murder or felony murder. All three offenses involve causing the death of another, but the culpable mental state required for reckless homicide is recklessness. To be convicted of murder, the defendant must purposely cause the death of another. R.C. 2903.02(A). To be convicted of felony murder by way of felonious assault, the defendant must knowingly cause the victim to suffer physical harm. R.C. 2903.02(B); R.C. 2903.11(A)(2). Thus, a conviction for *Page 26 
either murder or felony murder by way of felonious assault requires the State to prove that the defendant acted with a mental state exceeding recklessness.
 {¶ 54} "An instruction on a lesser-included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser-included offense." State v. Carter, 89 Ohio St. 3d 593, 600 (2000). The State presented expert testimony in this case regarding the path of the bullet within Ms. Dove's body, the multiple actions required to discharge the shotgun used in the killing, and the absence of gunshot residue on Ms. Dove's arms. The majority has written that this testimony "rebuts [Mr. Elwell's] assertion that a struggle ensued wherein the two were fighting over the gun and it accidentally discharged" and that it was physically "improbable" that Ms. Dove was holding onto the gun when it discharged. While the weight of the evidence may support this conclusion, the evidence must be construed in a light most favorable to the defendant for the purposes of determining whether a trial court should give an instruction on a lesser included offense. State v. Wilkins,64 Ohio St. 2d 382, 388 (1980). In this case, Mr. Elwell testified that he grabbed the gun, which Ms. Dove was holding by the barrel, and attempted to wrestle it away from her. Had the jury believed this testimony and disbelieved the State's witnesses, the evidence would have reasonably supported a finding that Mr. Elwell acted recklessly, but not purposely or knowingly, thereby making a conviction for reckless homicide appropriate. Because the evidence would have allowed a *Page 27 
reasonable jury to reach a guilty verdict on reckless homicide and not guilty verdicts on murder and felony murder, Mr. Elwell was entitled to a reckless homicide instruction.
 {¶ 55} The majority has further written that, if the trial court erred by refusing to give the reckless homicide instruction, the error was harmless because Mr. Elwell's murder conviction was supported by the manifest weight of the evidence. This type of harmless error analysis is not appropriate when the error was failure to give a lesser included offense instruction.
 {¶ 56} The United States Supreme Court has held that, in a capital case, a conviction must be reversed if the trial court improperly denied a request for a lesser included offense instruction. Beck v.Alabama, 447 U.S. 625, 627 (1980). The Court in Beck noted the risk, if no such instruction is given, that a jury will convict a defendant on a more serious offense despite the existence of a reasonable doubt as to one element, fearing that the defendant would otherwise remain unpunished. Id. at 634-35 (citing Keeble v. U.S., 412 U.S. 205, 208
(1973)); see also State v. Wilson, 9th Dist. No. 92CA005396,1994 WL 558568 at *28 (1994). Although the Court in Beck declined to address the necessity for lesser included offense instructions in noncapital cases, such as this one, id. at 638, n. 14, the same risk is present. Ohio courts have reversed guilty verdicts in noncapital cases if the trial court failed to give a lesser included offense instruction that was supported by the evidence, finding reversible error even though the defendant was convicted of *Page 28 
the more serious offense, with no discussion of whether the weight or sufficiency of the evidence supported conviction of the more serious offense. State v. Solomon, 66 Ohio St. 2d 214, 222 (1981); State v.Cochran, 2d Dist. No. 19448, 2003-Ohio-3980, at ¶ 15.
 {¶ 57} In order to disregard such a trial error as harmless, the error must have been harmless beyond a reasonable doubt. State v. Walker, 9th Dist. No. 06CA0006-M, 2006-Ohio-5479, at ¶ 24. Although the evidence in this case did not weigh so heavily in favor of Mr. Elwell as to lead this Court to determine that the jury clearly lost its way and created a manifest miscarriage of justice in convicting him of murder and felony murder, a reasonable juror, construing the evidence in the light most favorable to Mr. Elwell, could have found that Mr. Elwell's conduct was reckless rather than purposeful. It is conceivable that a juror, despite having a reasonable doubt that Mr. Elwell acted purposely, would have voted to convict Mr. Elwell anyway out of concern that his reckless conduct necessitated punishment. Such a possibility generates a reasonable doubt that the error in this case was harmless. I would reverse and remand on this basis.
 {¶ 58} As to the accident instruction, the majority has correctly noted that accident is not an affirmative defense, but a denial that an unlawful act was committed. Jones v. State, 51 Ohio St. 331, 342 (1894);State v. Poole, 33 Ohio St. 2d 18, 20 (1973). The majority has determined that the trial court did not abuse its discretion in refusing to give the accident instruction, based on the *Page 29 
"overwhelming" evidence presented at trial that the death was not accidental. In doing so, the majority cited State v. Thomas,40 Ohio St. 3d 213, 218 (1988) for the proposition that a defendant "is entitled to an accident instruction when evidence is presented at trial that the party's action was an accident." I can find no support for this proposition in Thomas.
 {¶ 59} When a defendant claims that the act with which he was charged was committed by accident, he does nothing more than attempt to refute the state's evidence as to a particular element of the offense, specifically, the culpable mental state. State v. Staats, 9th Dist. No. 15706, 1994 WL 122266, at *4 (Apr. 13, 1994). If the jury returns a guilty verdict after being properly instructed that the defendant's knowing or purposeful mental state is an element of the crime, the jury necessarily finds that the State proved the defendant's mental state beyond a reasonable doubt and that the defendant's acts were not accidental.
 {¶ 60} Mr. Elwell sought to obtain an accident instruction based upon his testimony that the gun accidentally discharged during his struggle with Ms. Dove. A murder conviction under Section 2903.02(A) of the Ohio Revised Code requires the State to prove that the defendant acted "purposely." A conviction for felonious assault under Section2903.11(A)(1) or (2) requires the State to prove that the defendant acted "knowingly." A conviction for felony murder under Section2903.02(B) requires the State to prove that the defendant acted with the mental state essential to the underlying offense, which for felonious assault is *Page 30 
"knowingly." The jury was properly instructed that it could only convict Mr. Elwell of the homicide charges if he acted "purposely" or "knowingly." This was sufficient to charge the jury that it could not convict Mr. Elwell for an accidental death. Staats, 9th Dist. No. 15706,1994 WL 122266 at *4 (quoting State v. Armbrust, 35 Ohio Law Abs. 554, 559 (1941)). It is true that requested instructions, if "correct, pertinent and timely presented . . . must be included, at least in substance, in the general charge." Cincinnati v. Epperson,20 Ohio St. 2d 59, 61 (1969) (quoting State v. Barron, 170 Ohio St. 267 (1960)). In this case, the jury was instructed as to the requisite mental states for murder and felonious assault, and a properly framed accident instruction would merely have stated the converse of these instructions. Accordingly, I agree that the trial court did not err in refusing to give the accident instruction as requested, not because of the strong evidence contradicting the accident theory, but because the court fully addressed the question of accidental death when it instructed the jury as to the requisite mental states for the offenses. I would sustain the third assignment of error as to the reckless homicide instruction and remand on that basis. *Page 1