THE STATE OF OHIO, APPELLEE, *v.* JORDAN, APPELLANT.

(No. C-860195—Decided January 21, 1987.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *R. Daniel Reif* and *Judith A. Mullen,* for appellee.

*Robert A. Perez,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.

Appellant was convicted and sentenced in a bench trial on the charge of aggravated robbery with a firearm specification, in violation of R.C. 2911.01 and 2929.71. The instant timely appeal asserts a single assignment of error:

"The trial court erred to the prejudice of the defendant-appellant by overruling the defendant's Rule 29 Motion when the evidence at trial did not indicate beyond a reasonable doubt that a deadly weapon was used in the robbery for which the defendant was being tried."

We disagree.

The record reveals that appellant and three co-defendants robbed a pony-keg store at gun point. The gun was described by the clerk who was robbed, as to color and barrel size. The getaway vehicle suffered fuel starvation a short distance from the scene, and appellant and two of the co-defendants were located by police near the disabled vehicle, hiding in a grassy area off the roadway. The other co-defendant was apprehended along the road. When questioned

by police at the scene, one of the co-defendants stated that he had thrown "the gun" out of the window of the vehicle. All co-defendants claimed in their subsequent statements that the firearm was a toy, starter pistol, or blank gun. The gun was never found.

Appellant argues under his assignment of error that the record does not, beyond a reasonable doubt, support the necessary element that a deadly weapon was used in the robbery. We hold that the evidence was sufficient to permit reasonable minds to conclude beyond a reasonable doubt that the handgun was operable within the requirement of R.C. 2923.11(B), using inferences permitted by *State* v. *Vondenberg* (1980), 61 Ohio St. 2d 285, 15 O.O. 3d 349, 401 N.E. 2d 437, and recently applied by this court in *State* v. *Gibson* (Dec. 24, 1986), Hamilton App. No. C-860160, unreported. In *Vondenberg,* the Ohio Supreme Court proclaimed:

"Where there is credible evidence that there was a gun used in a robbery, and when that gun is not available for testing, it is not necessary for the state to prove that the gun could actually fire a projectile in order to sustain a conviction for aggravated robbery. A jury is permitted to infer the deadly nature of an instrument from the facts and circumstances of its use. The state should not be required to produce the weapon in order to secure a conviction for aggravated robbery. * * *

"* * *

"We conclude that, for purposes of establishing the crime of aggravated robbery, a jury is entitled to draw all the reasonable inferences from the evidence presented that the robbery was committed with the use of a gun, and it is not necessary that the prosecution prove that the gun was capable of firing a projectile." *Id.* at 288-289, 15 O.O. 3d at 351-352, 401 N.E. 2d at 439-440.

In the matter *sub judice,* the clerk who was robbed testified that she saw an object which she described as to color and barrel size, from which description a trier of fact could find beyond a reasonable doubt, within the rationale of *Vondenberg,* to be an operable handgun. The co-defendant who wielded the weapon in the robbery initially stated that he threw "the gun" out of the vehicle window. At that point, he did not qualify "the gun" as being a toy or blank gun.

We note that in *State* v. *Rockett* (Dec. 26, 1984), Hamilton App. No. C-840073, unreported, we held that the rationale of *Vondenberg* applies to the firearm specification with the same force it applies to aggravated robbery. Appellant's assignment of error is overruled and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

DOAN, P.J., KEEFE and BLACK, JJ., concur.