DECISION.
On November 8, 2000, a magistrate judge of the United States District Court, Southern District of Ohio, in Davis v. Brigano, No. C-1-98-686, ordered that defendant-appellant James Davis's petition for a writ of habeas corpus pursuant to Section 2254, Title 28, U.S. Code, be granted, and that Davis be released from prison unless this court permits him to file a delayed appeal of his conviction. The magistrate judge found that because the transcript showed that the trial court had neglected to inform Davis of his right to appeal at the sentencing hearing following his guilty plea, his due-process rights were violated. The magistrate judge ordered Davis's counsel to file a motion for a delayed appeal within thirty days. On January 5, 2001, we granted Davis a delayed appeal pursuant to App.R. 5(A).
Initially, Davis did not appeal his conviction on two counts of aggravated robbery and a firearm specification. His three assignments of error in this delayed appeal are interrelated and challenge his conviction on the firearm specification. He argues that, in committing the aggravated robberies, he had only a starter pistol, which was not a firearm under R.C. 2923.11(B).
He raised this issue, along with the issue of ineffective assistance of trial counsel, for the first time in a petition for postconviction relief filed on September 6, 1996, and again in his amended petitions filed on December 9 and December 31, 1996. The trial court dismissed the postconviction claims for being untimely under R.C. 2953.21(A), and for the failure to allege a reason that excused a tardy petition under R.C.2953.23(A). On October 29, 1997, this court affirmed the trial court's dismissal. One ground for our decision was that Davis's claims were barred by the doctrine of res judicata under State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. The supreme court declined to exercise jurisdiction. And, on April 14, 1997, this court overruled Davis's motion for leave to file a direct appeal from his conviction.
Davis has not filed official transcripts for the hearing on his plea of guilty or on his sentencing. Attached to his January 25, 1997, motion for a delayed appeal are uncertified photocopies of what purport to be the official transcripts of these hearings, but they lack the reporter's certification required by App.R. 9. The state has not objected to the lack of a certification, and its brief quotes from these transcripts in reference to the trial court's acceptance of Davis's guilty plea. Therefore, we deem that any noncompliance with App.R. 9 has been waived.
On July 1, 1992, under the number B-924238, Freddie Robinson and Davis were jointly indicted on six counts of aggravated robbery. A firearm specification accompanied the first, third, fifth and seventh counts of the indictment. On November 24, 1992, Davis withdrew his plea of not guilty and entered a plea of guilty pursuant to an agreement with the state. In return for Davis's plea of guilty to the fourth and fifth counts and to the firearm specification for the fifth count, the state dismissed the remaining counts and firearm specifications, as well as the specifications alleging a prior felony conviction. His counsel informed the trial court of the following:
 Judge, we've entered into a plea arrangement as well. It is our understanding that Count 4 we will plead without the prior as an F2 specification. There's no gun spec on that, either.
 Count 5 we'll plead guilty to. There is a gun spec, we'll plead guilty to that.
The state then summarized the salient facts as follows:
 Now, Judge, as to the other case, it involves both Mr. Robinson and Mr. Davis. I'm going to go through the facts regarding B-924238.
 I'll state for purposes of the record that all of the incidents occurred in Hamilton County, Ohio.
* * *
 As to Mr. Davis, as to Count 4, Mr. Davis in the accompaniment of Mr. Robinson, on or about the 24th day of May, 1992, Hamilton County, Ohio, in committing or attempting to commit a theft offense, to wit: The theft of U.S. currency from M B Carry-Out, or in fleeing immediately thereafter, had on or about his person a deadly weapon, to wit: a handgun, in violation of Section 2911.01.
 As to Count 5, Mr. Davis, again in the accompaniment of Mr. Robinson, on the 25th day of May, 1992, Hamilton County, Ohio, in committing a theft offense, to wit: The theft of U.S. currency from Sunoco Company, or in fleeing immediately thereafter, had on or about his person or under his control, a deadly weapon or dangerous ordnance, to wit: a handgun, in violation of 2911.01.
 As to Mr. Davis, there is a specification on that particular count. It's alleged that he had on or about his person, or under his control a firearm while committing the offense of aggravated robbery in Count 5.
 That concludes everything relating to B924238. I would state for the purposes of the record that these were a series of circumstances that occurred in Hamilton County involving a number of small pony kegs; Dairy Marts, Sunocos, that sort of thing.
 In conjunction with this particular, or the investigation of this crime, one operable handgun was seized, one starter pistol was also seized. Mr. Robinson was cooperative after being apprehended, did admit to a number of these; however, a toy gun was used in all but one. [Emphasis added.]
 In his colloquy with the trial court, Davis was asked if he understood the charges, if he understood and was freely entering his guilty plea, if he understood each of his Crim.R. 11 rights, and if he had understandingly and voluntarily signed the "Entry Withdrawing Plea of Not Guilty and Entering Plea of Guilty," which listed the gun specification along with its mandatory three-year prison sentence. Davis responded in the affirmative. The trial court then said,
 Mr. Davis, you have two counts, which is a maximum of 25 years and a $10,000 fine. And on one of them, there is a mandatory gun specification being 3 years.
Davis told the trial court that he understood the possible maximum sentence for his offenses. In his first assignment of error, Davis contends that he could not have been found guilty of a firearm specification when he had used a starter pistol in the commission of the underlying aggravated robbery. He argues that a starter pistol is not a deadly weapon or a firearm under R.C. 2923.11(B). See State v.Jordan (1987), 31 Ohio App.3d 187, 509 N.E.2d 1278.
As to the counts covered by Davis's guilty plea, only the fifth count had a firearm specification. Specification one to the fifth count stated that Robinson and Davis had "on or about their persons, or under their control, a firearm while committing the offense of Aggravated Robbery alleged in Count Five hereof." The trial court accepted Davis's guilty plea after the prosecutor had related that police had seized one operable handgun, and that a toy gun had been "used in all but one" of the aggravated robberies. Davis acknowledged on the record in response to the trial court's questions that he understood the facts of the charged offenses involved in his plea. His later assertion that he had used a starter pistol to commit the aggravated robbery in the fifth count is nowhere demonstrated in the record.
A plea of guilty is a complete admission of the defendant's guilt. See Crim.R. 11(B)(1). If the trial court has subject-matter jurisdiction, a guilty plea is conclusive as long as the court addresses the defendant, meaningfully informs him of his Boykin rights, and otherwise substantially complies with the procedural requirements of Crim.R. 11(C), and as long as the record demonstrates, as in this case, that the defendant has knowingly, voluntarily and understandingly entered his plea. See State v. DeArmond (1995), 108 Ohio App.3d 239, 244-245,670 N.E.2d 531, 534.
Therefore, Davis's first assignment of error is overruled. Our resolution of the first assignment of error makes the second assignment of error, raising ineffective assistance of counsel, and the third assignment of error, challenging the sentence imposed for the firearm specification, moot under App.R. 12(A)(1)(c).
The judgment of the trial court is affirmed.
Judgment affirmed.
Gorman, P.J., Doan and Winkler, JJ.