The STATE of Ohio, Appellee,

v.

REEDER, Appellant.

[Cite as State v. Reeder, 148 Ohio App.3d 177, 2002-Ohio-2829.]

Court of Appeals of Ohio,
Third District, Defiance County.

No. 4–01–32.

Decided June 5, 2002.

**178**

Morris J. Murray, Defiance County Assistant Prosecuting Attorney, for appellee.

Samuel Z. Kaplan, for appellant.

HADLEY, Judge.

{¶ 1} The defendant-appellant, Heather J. Reeder, appeals from the judgment of the Defiance County Court of Common Pleas, sentencing her to a six-year prison term for her conviction on one count of endangering children, a violation of R.C. 2919.22(B)(1) and a felony in the second degree. For the following reasons we reverse the judgment of the trial court and remand the case for resentencing.

{¶ 2} The relevant facts and procedural history are as follows. On January 31, 2001, the appellant, a mother of two, was babysitting 22-month-old Michael Magg. The appellant placed a call to 911 at approximately 2:50 p.m., wherein she reported that Michael was unresponsive. Emergency medical technicians were dispatched to the home, where they found the child in a semiconscious state with signs of head trauma. He was transported via Life Flight to the Toledo Hospital. There, doctors determined that Michael had sustained a severe traumatic head injury, including a fractured skull. The extent of the child's injuries will not be known for several years. The appellant provided contradictory explanations regarding the cause of the child's injuries to Michael's mother, the EMT, investigating officers, and the trial court.

{¶ 3} The appellant entered a plea of no contest to one count of endangering children on September 10, 2001. On October 29, 2001, she was found guilty and a sentencing hearing was conducted. The court sentenced the appellant to six years' imprisonment. The appellant now brings this timely appeal, asserting three assignments of error for our review.

### ASSIGNMENT OF ERROR NO. I

{¶ 4} "The trial court's imposition of a prison term greater than the minimum upon a first time offender is not supported by the record."

### ASSIGNMENT OF ERROR NO. II

{¶ 5} "The trial court erred in utilizing an element of the convicted offense to impose a greater than minimum prison term."

## ASSIGNMENT OF ERROR NO. III

{¶ 6}  "The trial court erred in imposing a sentence that was not consistent with sentences imposed for similar crimes by similar offenders as required by R.C. 2929.11(B)."

{¶ 7}  For her first assignment of error, the appellant argues that the trial court failed to consider and to find the appropriate statutory factors prior to sentencing the appellant to more than the minimum prison sentence required by law.  We agree with the appellant.

{¶ 8}  R.C. 2953.08(G) permits a reviewing court to vacate a sentence and remand it to the trial court for resentencing, if the reviewing court finds by clear and convincing evidence that "the record does not support the sentencing court's findings * * * [or] [t]hat the sentence is otherwise contrary to law."[1]

{¶ 9}  The appellant was convicted of one violation of R.C. 2919.22(B)(1), a felony in the second degree.  A conviction for a second degree felony carries with it a mandatory two-to-eight-year-prison term.[2]

{¶ 10}  In the case sub judice, the appellant was sentenced to a six-year term of imprisonment, a sentence which clearly falls within the mandated range and is neither the shortest nor the longest term available.  However, the appellant points out that because she has no prior criminal record, she was entitled to receive the shortest sentence available, unless the court made the appropriate statutory findings on the record.

{¶ 11}  R.C. 2929.14(B) mandates that "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public· from future crime by the offender or others."

{¶ 12}  Thus, in the case of a first-time offender, the trial court must impose the shortest authorized prison term, unless it makes the required findings on the record.[3]

{¶ 13}  At sentencing, the trial court stated the following:

---

1.  R.C. 2953.08(G)(2)(a) and (b).

2.  R.C. 2929.14(A)(2).

3.  *State v. Jones* (2001), 93 Ohio St.3d 391, 398, 754 N.E.2d 1252.

{¶ 14} "The state legislature provides various guidance in terms of what the Court has to determine in considering an appropriate sentence. It says, among other things, that a maximum sentence has to be reserved for the worst form of the offense. That, if they have not previously been in criminal trouble, there is a minimum of range available, being in the instant case."

{¶ 15} Thus, the record does not reflect an understanding on the part of the trial court that it was required by law to impose the shortest available prison term, absent the required findings. Furthermore, although the trial court discussed at length the impact upon the child victim, the appellant's apparent lack of remorse and untruthfulness, and various other facts surrounding the case, it failed to find on the record that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. We cannot assume that the remarks made by the court, some of which arguably support a finding that the minimum sentence was inappropriate here, go to either of the required statutory findings.[4] Thus, we find clear and convincing evidence that the appellant's sentence is contrary to law.

{¶ 16} Accordingly, the appellant's first assignment of error is well taken and is hereby granted. Because we find for the appellant on this assignment of error, we need not address her remaining two assignments.

{¶ 17} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we hereby reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

SHAW, P.J., and WALTERS, J., concur.

---

4. Id.