OPINION
{¶ 1} This appeal is brought by Heather J. Reeder from the judgment of the Court of Common Pleas, Defiance County, sentencing her to six years in prison for one count of child endangering in violation of R.C. 2929.22(B)(1). For the reasons set forth in the opinion below, we affirm the trial court's order.
 {¶ 2} The record presents the following facts. On January 31, 2001, Appellant Heather Reeder, a mother of two, was babysitting 22-month-old Michael Magg. At approximately 2:50 p.m., Heather placed a call to 911, wherein she reported that Michael was unresponsive. Emergency medical technicians were dispatched to the home, where they found the child in a semiconscious state. Michael was transported via Life Flight to the Toledo Hospital, where doctors determined that Michael had sustained a severe traumatic head injury, including a fractured skull. Heather provided contradictory explanations regarding the cause of the child's injuries to Michael's mother, the EMT, investigating officers, and the trial court.
 {¶ 3} Subsequently, on September 10, 2001, Appellant entered a plea of no contest to one count of endangering children. On October 29, 2001, she was found guilty and a sentencing hearing was conducted wherein the court sentenced the appellant to six years imprisonment. Appellant appealed from that judgment entry, arguing that the trial court failed to make statutorily mandated findings regarding the imposition of more than the minimum sentence for a first time offender; we reversed. State v.Reeder, 148 Ohio App.3d 177, 2002-Ohio-2829, 772 N.E.2d 674. Thereafter, on remand, the trial court entered the proper findings, and once again, sentenced Appellant to six years in prison. It is from this judgment that Appellant now appeals.
 {¶ 4} Appellant raises the following assignments of error: I. The trial court's imposition of a prison term greater than the minimum upon a first time offender was achieved only by applying the wrong legal standard. II. The trial court erred in making a finding which it had not made in the original sentencing hearing in order to justify the imposition of the very same sentence. III. The trial court erred in imposing a sentence that was not consistent with sentences imposed for similar crimes by similar offenders as required by Ohio Revised Code Section 2929.11(B), and it did so only by completely ignoring the record before it.
 I. {¶ 5} In her first assignment of error, Appellant argues that the trial court utilized a "non-statutory" standard to justify the imposition of a sentence, greater than the minimum term, for a first time offender. Specifically, Heather alleges that the trial court's finding that "a minimum term would be an affront to the justice system and would shock the conscience of the community" was in error. We disagree.
 {¶ 6} R.C. 2929.14(B) provides in pertinent part:
 {¶ 7} "* * * If the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 8} Thus, in the case of a first-time offender, the trial court must impose the shortest authorized prison term, unless it makes the required findings on the record. State v. Jones (2001), 93 Ohio St.3d 391,398, 754 N.E.2d 1252. However, R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. State v. Edmonson,86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131.
 {¶ 9} We have reviewed both the sentencing transcript and the judgment entry of sentence and find that the trial court complied with all relevant statutory mandates regarding the imposition of a sentence greater than the minimum. In both instances, the trial court made a finding that the minimum sentence would demean the seriousness of Appellant's offense. That the trial court expounded upon its finding by utilizing its own demonstrative language is not reversible error. Thus, Appellant's first assignment of error is overruled.
 II. {¶ 10} In her second assignment of error, Appellant argues that the trial court erred in making a finding that it had not previously made, to wit, that she posed a risk of future crime as demonstrated by her attempts to escape responsibility. According to Appellant, because the record does not clearly and convincingly support this finding, the sentence should be reversed. We disagree.
 {¶ 11} In determining what sentence to impose upon a defendant, a trial court is "granted broad discretion in determining the most effective way to uphold" the two overriding purposes of felony sentencing: "to protect the public from future crime and to punish the offender." State v. Avery (1998), 126 Ohio App.3d 36, 50, 709 N.E.2d 875. Therefore, a sentence imposed by a trial court will not be disturbed absent a showing, by clear and convincing evidence, that the trial court imposed a sentence unsupported by the record, failed to follow the procedure of the sentencing statutes, failed to establish a sufficient basis for the imposition of a prison term, or imposed of a sentence contrary to law. R.C. 2953.08(G). See also; State v. Martin (1999),136 Ohio App.3d 355, 361, 736 N.E.2d 907.
 {¶ 12} Appellant argues that the trial court's finding with respect to her likelihood of recidivism is unsupported by the record. Even if we were to agree with Appellant in this regard, the trial court did not base its determination on recidivism alone. On the contrary, the trial court stated, "There is a statutory presumption in favor of prison. There was an extraordinary serious physical harm caused to a child. The harm was exacerbated by the age of the victim. The Defendant has demonstrated in her multiple prior statements a lack of remorse. For all these reasons, the Court finds that the minimum term is not appropriate."
 {¶ 13} We find that the trial court followed the proper statutory procedure for imposing a sentence greater than the minimum and furthermore, find clear and convincing evidence in the record to support those findings. Heather plead no contest to abusing a 22-month old child, causing serious and permanent injuries, from which the child will most likely never fully recover. According to the record, Heather provided authorities with conflicting accounts of how the injury occurred, which indicates a desire to evade responsibility. Heather's crime was facilitated by her position as the child's caretaker, and worsened by the child's tender age. The trial court based its decision on all of these factors. Accordingly, Appellant's second assignment of error is overruled.
 III. {¶ 14} In her third and final assignment of error, Heather argues that the trial court's imposition of a six-year prison term was dissimilar and inconsistent with sentences handed down by other courts for similar crimes, and therefore, was contrary to law. Specifically, Appellant urges that the trial court did not engage in the analysis required by R.C. 2929.11(B), which directs the court to impose a sentence which is, among other things, "consistent with sentences imposed for similar crimes committed by similar offenders." We do not find Appellant's argument well taken.
 {¶ 15} First of all, Appellant has not demonstrated that the court did not engage in this analysis. Prior to the sentencing hearing, Appellant provided the trial court with a lengthy brief, in which she set forth a list of cases with similar facts and in which the minimum sentences or less were imposed. The trial court acknowledged Appellant's brief at the sentencing hearing and therefore, we must assume that the trial court read and considered the merits of her argument. Furthermore, unlike many other parts of the sentencing statutes, R.C. 2929.11(B) does not require the court to make express findings regarding the imposition of similar sentences in similar situations. Thus, the lack of any express finding that appellant's sentence was in fact consistent with the sentences imposed for similar crimes by similar offenders is neither surprising nor erroneous.
 {¶ 16} Appellant supports her argument with two cases in which criminal defendants were sentenced to the minimum sentence or less for child endangering; State v. Iacona (2001), 93 Ohio St.3d 83, 752 N.E.2d 937
and State v. Laracuente (May 25, 2000), Cuyahoga App. Nos. 76025 and 76047. In State v. Iacona, a juvenile gave birth to a baby in her parent's basement, wrapped the child in a towel, put him in a plastic bag and hid his existence from police. The baby died from asphyxiation and as a result, Iacona was convicted of involuntary manslaughter. Iacona appealed her convictions to the Ninth District Court of Appeals, which affirmed her conviction, but found sentencing error in that the trial court had failed to make R.C. 2929.14(B) findings on the record. Accordingly, the court of appeals reversed Iacona's sentence and remanded the matter for resentencing. On remand, the trial court made findings that Iacona was a juvenile at the time of her crime, posed no risk of recidivism, posed no threat to public, that the minimum term would not minimize the seriousness of offense and that she had already served two years incarceration. Consequently, the court ordered that Iacona serve five years of community control sanctions, non-residential, and under intensive supervision with the first 90 days to be electronic home monitoring.
 {¶ 17} In State v. Laracuente (May 25, 2000), Cuyahoga App. Nos. 76025 and 76047, a father stood accused of causing severe injury to his child, who suffered from "shaken baby syndrome". Laracuente admitted to playing with his child by bouncing her on his lap, but consistently denied shaking the baby with such force as to cause her injury. At trial, experts rendered conflicting evidence regarding the nature and cause of the child's injuries. Ultimately, Laracuente was acquitted of all charges except child endangering, for which he was sentenced to a term of community control. There, the court determined that the facts indicated that Laracuente was unlikely to commit future crimes and through his efforts, the child was making unexpected improvements. The trial court determined that Laracuente's conduct was less serious because, although he recklessly disregarded a known risk, appellant did not expect to cause physical harm to his child.
 {¶ 18} We find the facts in Iacona and Laracuente to be distinguishable from the case at bar and do not find them to be similar crimes committed by similar offenders. In the case at bar, Appellant plead no contest to charges of abusing a child, while in the role of that child's care giver. The facts do not indicate the existence of mitigating circumstances, such as those present in Iacona and Laracuent.
Furthermore, in the above cases, the trial courts made findings consistent with the minimum sentence. In contrast, here, the trial court determined that Appellant posed a risk to the public and demonstrated a likelihood of recidivism based on the inconsistency of her statements and her lack of remorse. The trial court noted the severe physical injury suffered by the child at the hands of Appellant and thereafter determined that the minimum sentence would demean the seriousness of the offense.
 {¶ 19} Finally, we have affirmed similar convictions for first time offenders convicted of child endangering. See State v. Cantiberry
(Sept. 28, 2001), Hancock App. No. 5-01-14 (Affirmed two, consecutive 6-year terms for child endangering.) In conclusion, we do not find Appellant's sentence to be contrary to Ohio felony sentencing guidelines. Accordingly, Appellant's third assignment of error is overruled.
 {¶ 20} For the reasons stated it is the order of this Court that the judgment of the Court of Common Pleas, Defiance County is herebyAFFIRMED.
Judgment affirmed.
SHAW and CUPP, JJ., concur.