[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Willie Paul was convicted of one count of abduction pursuant to R.C. 2905.02(A)(2), a third-degree felony, and one count of aggravated assault, pursuant to R.C. 2903.12, a fourth-degree felony. He was sentenced to two years of incarceration for the abduction and one year of incarceration for the aggravated assault, to be served concurrently.
 {¶ 3} In his sole assignment of error, Paul contends that the trial court's sentence was contrary to law. We agree. R.C. 2929.14(B) mandates that if an offender has not previously served a prison term, the court must impose the shortest term authorized for the offense unless the court finds on the record at the sentencing hearing that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473; State v. Jones, 93 Ohio St.3d 391, 2001-Ohio-1341,754 N.E.2d 1252; State v. Reeder, 148 Ohio App.3d 177, 2002-Ohio-2829,772 N.E.2d 674.
 {¶ 4} In this case, the trial court did not sentence Paul, who had not previously served a prison term, to the shortest prison term for each of the offenses. See 2929.14(A). Further, the court did not make the findings required by R.C. 2929.14(B) to justify the imposition of longer prison terms, though the record would have supported the sentences had the proper findings been made. Consequently, the trial court's sentence was contrary to law. See R.C. 2953.08(A). We sustain Paul's assignment of error, vacate the sentences and remand this case to the trial court for resentencing. See R.C. 2953.08(G).
 {¶ 5} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.