OPINION
{¶ 1} Defendant-appellant, John Haynes, was convicted of two counts of aggravated robbery pursuant to R.C. 2911.01(A)(1) and two counts of robbery pursuant to R.C. 2911.02(A)(2). He was sentenced to serve two consecutive six-year terms of incarceration on the aggravated robbery convictions. The two robberies were merged with the aggravated-robbery convictions for sentencing.
 {¶ 2} Haynes presents six assignments of error for review. In his first assignment of error, he states that the trial court erred in overruling his motion to suppress identification evidence. He contends that the identification procedures were impermissibly suggestive and produced identifications that were unreliable. This assignment of error is not well taken.
 {¶ 3} To determine whether identification testimony is admissible, courts apply a two-part test. First, the defendant bears the burden of demonstrating that the identification procedure was unnecessarily suggestive. If the defendant meets this burden, then the court must consider whether the procedure was so unduly suggestive as to give rise to a substantial likelihood of mistaken identification. Even if the procedure is suggestive, the challenged identification is admissible as long as it is reliable. State v. Keith, 79 Ohio St.3d 514,1997-Ohio-367, 684 N.E.2d 47; State v. Hampton, 1st Dist. No. C-010159, 2002-Ohio-1907.
 {¶ 4} Haynes did not demonstrate that the identification procedure used by the police in this case was unnecessarily suggestive. One witness identified Haynes as his assailant after seeing him on the street. The other picked him out of a photographic lineup, which involved pictures of individuals with similar characteristics. See State v. Cook (June 5, 1996), 1st Dist. Nos. C-940414, C-940420, C-940431, C-940416, C-940424, C-940432, C-940419 and C-940425.
 {¶ 5} Despite Haynes's claim to the contrary, the evidence showed that the witnesses did not talk to each other about the identifications prior to the second witness viewing the lineup. Further, Haynes's wearing of a bright orange shirt did not, in our view, render the lineup unnecessarily suggestive, since at least two other individuals pictured in the lineup also wore colorful shirts. A defendant in a lineup need not be surrounded by people nearly identical in appearance. State v. Davis,76 Ohio St.3d 107, 1996-Ohio-414, 666 N.E.2d 1099.
 {¶ 6} Even if we were to hold that the procedure was suggestive, the record shows that the identifications were reliable. Both witnesses had a good opportunity to see their assailant, and one of the witnesses gave a specific description to the police. Only twenty-four hours passed between the crime and the victims' identifications of Haynes, and both were confident that he was the individual who had robbed them. Under the circumstances, we cannot hold that there was a substantial likelihood of misidentification. See State v. Kiner,149 Ohio App.3d 599, 2002-Ohio-5578, 778 N.E.2d 144; State v. Dockery,
1st Dist. No. C-000316, 2002-Ohio-2309; Hampton, supra; Cook,
supra. Consequently, the trial court did not err in overruling Haynes's motion to suppress the identification testimony, and we overrule his first assignment of error.
 {¶ 7} In his second assignment of error, Haynes contends that he was denied effective assistance of counsel. Haynes was originally charged as a juvenile. He argues that his counsel was ineffective for failing to object to the juvenile bindover hearing.
 {¶ 8} The defendant bears the burden of showing ineffective assistance of counsel. State v. Hamblin (1988),37 Ohio St.3d 153, 524 N.E.2d 476. Without a record of the bindover hearing, we do not know whether Haynes's counsel objected or if that failure to object was prejudicial. Consequently, Haynes has not demonstrated that his counsel's representation fell below an objective standard of reasonableness, or that, but for counsel's unprofessional errors, the results of the proceeding would have been different. Consequently, he has failed to meet his burden to show ineffective assistance of counsel. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; Hamblin,
supra. Accordingly, we overrule his second assignment of error.
 {¶ 9} In his third assignment of error, Haynes contends that the trial court erred in giving the jury additional jury instructions. The record shows that, during its deliberations, the jury submitted the following question to the court: "What if he used a toy gun or a pipe? Would this be aggravated robbery?" The trial court responded by rereading its previous instruction on the definition of a "deadly weapon." But it also added some new language that came from the comment section to the standard instruction on what is a "deadly weapon" in the Ohio Jury Instructions. The court stated, "It is permissible to infer the possession of a deadly weapon from the defendant's words and conduct. The operability of a firearm may also be inferred by the jury." Haynes argues that this additional instruction was improper and prejudicial in this case. We disagree.
 {¶ 10} A trial court must fully and completely give the jury all instructions that are relevant and necessary for the jury to weigh the evidence and discharge its duty as the factfinder.State v. Comen (1990), 50 Ohio St.3d 206, 553 N.E.2d 640. While the use of the Ohio Jury Instructions is not mandatory and its language should not be blindly applied, State v. Napier (1995),105 Ohio App.3d 713, 664 N.E.2d 1330; State v. Cotton (Aug. 14, 1996), 1st Dist. No. C-950208, we cannot hold that the trial court's use of the language from the comment was error in this case because it was a correct statement of law.
 {¶ 11} Haynes was charged with violating R.C. 2911.01(A)(1). One element of that offense is that the offender possessed a deadly weapon. Both the Ohio Supreme Court and this court have held that "for purposes of establishing the crime of aggravated robbery, a jury is entitled to draw all reasonable inferences from the evidence presented that the robbery was committed with the use of a gun." State v. Vondenberg (1980),61 Ohio St.2d 285, 401 N.E.2d 437; State v. Green (1996),117 Ohio App.3d 644, 691 N.E.2d 316. Accord State v. Umphries, 4th Dist. No. 02CA2662, 2003-Ohio-599. A jury may "infer the deadly nature of an instrument from the facts and circumstances of its use."Vondenberg, supra. Similarly, a jury may use a totality-of-the-circumstances test to infer that a firearm is operable for purposes of establishing the elements of aggravated robbery. Green, supra; State v. Jordan (1987),31 Ohio App.3d 187, 509 N.E.2d 1278.
 {¶ 12} The method used to answer questions asked by the jury lies within the trial court's discretion. State v. Gleason
(1989), 65 Ohio App.3d 206, 583 N.E.2d 975; State v. Doan
(Sept. 29, 1995), 1st Dist. No. C-940330. Since the additional instruction was a correct statement of law that was tailored to the facts of the case, the trial court did not abuse its discretion in giving that instruction. See Comen, supra;Cotton, supra; Doan, supra. Accordingly, we overrule Haynes's third assignment of error.
 {¶ 13} In his fourth assignment of error, Haynes contends that the evidence was insufficient to support his convictions. Our review of the record shows that the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a reasonable trier of fact that Haynes, in committing or attempting to commit a theft offense against two separate victims, or in fleeing immediately afterwards, had a deadly weapon on or about his person or under his control, and that he had displayed, brandished or used it, or indicated that he possessed it. Therefore, the evidence was sufficient to support his convictions for aggravated robbery pursuant to R.C.2911.01(A)(1). See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492; Green, supra; Jordan, supra.
 {¶ 14} Similarly, our review of the record shows that the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a reasonable trier of fact that Haynes, in attempting or committing a theft offense, or in fleeing immediately afterwards, threatened to inflict physical harm on two separate victims. Consequently, the evidence was sufficient to support the guilty verdicts for robbery pursuant to R.C. 2911.02(A)(2). See Jenks, supra; State v. Pearson (Dec. 1, 2000), 1st Dist. No. C-990860; State v. Gray (Aug. 27, 1999), 1st Dist. No. C-980946.
 {¶ 15} Haynes's main contention is that the evidence identifying him as the perpetrator of the robberies was not credible. But matters as to the credibility of evidence are for the trier of fact to decide. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212; State v. Griffin, 1st Dist. No. C-020084, 2003-Ohio-3196. Accordingly, we overrule Haynes's fourth assignment of error.
 {¶ 16} In his fifth assignment of error, Haynes contends that his convictions were against the manifest weight of the evidence. After reviewing the evidence in this case, we cannot hold that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Haynes's convictions and order a new trial. Therefore, the convictions were not against the manifest weight of the evidence. See State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541;State v. Allen (1990), 69 Ohio App.3d 366, 590 N.E.2d 1272. Accordingly, we overrule his fifth assignment of error.
 {¶ 17} In his sixth assignment of error, Haynes contends that the trial court imposed a sentence that was contrary to law. He contends that the trial court erred in sentencing him to more than the minimum sentence on each count of aggravated robbery and in imposing consecutive sentences. This assignment of error is not well taken.
 {¶ 18} R.C. 2929.14(B) mandates that if an offender has not previously served a prison term, the court must impose the shortest term authorized for the offense unless the court finds on the record at the sentencing hearing that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473; State v. Jones, 93 Ohio St.3d 391,2001-Ohio-1341, 754 N.E.2d 1252; State v. Reeder,148 Ohio App.3d 177, 2002-Ohio-2829, 772 N.E.2d 674. In this case, the court made those findings at the sentencing hearing.
 {¶ 19} Similarly, the court must make the appropriate findings as set forth in R.C. 2929.14(E)(4) to justify the imposition of consecutive sentences and must give reasons supporting those findings at the sentencing hearing. Comer,
supra; State v. Smith (Sept. 17, 1999), 1st Dist. No. C-980887. In this case, the court, as required by R.C. 2929.14(E)(4), found that consecutive sentences were necessary to protect the public from future crime and to punish Haynes, and that consecutive sentences were not disproportionate to the seriousness of Haynes's conduct and to the danger that he posed to the public. The court further found that Haynes's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from further crime by him, pursuant to R.C.2929.14(E)(4)(c).
 {¶ 20} The court stated that its reasons for these findings were that (1) Haynes had a fairly extensive juvenile record; (2) the crime was committed while Haynes was on bail or under court sanctions; (3) Haynes had threatened the victims with a gun; (4) the victims had suffered severe psychological harm; (5) Haynes had committed the crimes in a public place, endangering others who might have been nearby; (6) Haynes showed no remorse; and (7) he had a previous pattern of drug abuse.
 {¶ 21} Thus, the record shows that the court made the appropriate findings and adequately stated its reasons for those findings at the sentencing hearing. Under the circumstances, we cannot hold that the trial court's sentences were not supported by clear and convincing evidence or that they were contrary to law. R.C. 2953.03(G)(1); State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, 715 N.E.2d 131; State v. Davenport (July 30, 1999), 1st Dist. No. C-980516. We, therefore, overrule Haynes's sixth assignment of error and affirm his convictions and sentences.
Judgment affirmed.
Winkler, J., concurs.
Painter, J., Concurs in part and dissents in part.