JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Charles Murrell, was convicted of one count of aggravated robbery pursuant to R.C. 2911.01(A)(1) with accompanying firearm specifications, one count of robbery pursuant to R.C. 2911.02(A)(2), and two counts of felonious assault pursuant to R.C. 2903.11(A)(1) and 2903.11(A)(2). The evidence at trial showed that the victim, Charles Williams, came out of a store in the Over-the-Rhine neighborhood of Cincinnati after making a purchase, and saw two young African-American men walking toward him. When Williams stopped to talk to an individual whom he knew, one of the men came up to him and attempted to take money out of his pocket. The other man, whom Williams later identified as Murrell, was sitting in the passenger seat of a nearby car. As Williams struggled with the man who was trying to take his money, he saw Murrell reach behind the passenger seat of the car and pull out a small handgun. Williams asked him, "What are you going to do with that?" Murrell responded, "I'll show you[,]" and shot Williams in the leg. Williams ran to his father's apartment a short distance away, where he waited for an ambulance to arrive.
Murrell now appeals those convictions, raising seven assignments of error, which we address out of order. In his third assignment of error, he contends that that the trial court erred in allowing into evidence hearsay testimony regarding statements Edward Williams had made prior to trial. He contends that the state was allowed to impeach its own witness on direct examination without a showing of affirmative damage as required by Evid.R. 607. This assignment of error is not well taken.
Evid.R. 607(A) provides that "[t]he credibility of a witness may be attacked by any party except that the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage." Affirmative damage occurs when the witness testifies to facts that contradict, deny or harm the party's trial position, not when the witness merely denies knowledge of the facts or states that he does not remember the facts related in the prior statement. State v. Hubbard,150 Ohio App.3d 623, 2002-Ohio-6904, 782 N.E.2d 674; State v.Hancock, 1st Dist. No. C-030459, 2004-Ohio-1492.
In this case, Edward Williams had previously stated that he had seen Murrell with the victim. Then he heard a gunshot and saw the victim running away. He did not know the victim, but he identified him as the man he had seen with Murrell. At trial, the witness testified that he had not seen anything on the day in question. He later testified that he had seen someone who looked like Murrell in the area near the scene of the crime but that he could not identify the individual he had seen walking with Murrell. Over Murrell's objection, the trial court allowed the state to question the witness regarding his prior inconsistent statements.
The witness did not merely deny knowledge of the facts or state that he did not remember the facts of the prior statement. He testified contrary to his prior statements, by refusing to testify that he saw Murrell in the company of the victim and by denying that he could identify the victim. His testimony harmed the state's case, since Murrell's defense was that he was not the perpetrator of the offenses. Under the circumstances, the state made an adequate showing of affirmative damage to justify the use of the witness's prior inconsistent statements for impeachment. See Hubbard, supra; Hancock, supra; State v. Haile (Sept. 27, 1995), 1st Dist. No. C-940690.
Later in the trial, the trial court allowed the state to question a police detective about Edward Williams's prior inconsistent statements. The court found that the statements were admissible for impeachment purposes under Evid.R. 613(B). That rule allows use of extrinsic evidence of a prior inconsistent statement if (1) "the witness is afforded a prior opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness on the statement or the interests of justice otherwise require"; and (2) the subject matter of the statement is "[a] fact that is of consequence to the determination of the action other than the credibility of the witness[.]"
In this case, Edward Williams had the opportunity to explain or deny his prior statements, and Murrell cross-examined him about them. Additionally, his statements did not merely go to his credibility, but involved whether Murrell was with the victim at the time of the crimes. Under the circumstances, the statements were about a fact of consequence to the determination of the action.
Nevertheless, while a prior inconsistent statement may be used for impeachment, the trier of fact may not consider the statement as substantive evidence if the statement is inadmissible hearsay.Hancock, supra. In this case, the trial court held that the statement was hearsay not subject to any exception. It instructed the jury that it could not consider evidence about Edward Williams's prior inconsistent statements for any other purpose than to impeach his earlier testimony. It added, "You are certainly not to consider it for the truth of the matter asserted." A jury is presumed to have followed the court's instructions. State v. Ahmed, 103 Ohio St.3d 27,2004-Ohio-4190, 813 N.E.2d 637.
We hold that evidence regarding Edward Williams's prior inconsistent statements was properly admitted for impeachment purposes only. Accordingly, we overrule Murrell's third assignment of error.
In his fourth assignment of error, Murrell states that the trial court committed plain error by allowing into evidence (1) testimony that Murrell had stolen a car and tried to shoot his father; (2) testimony from a police detective about Edward Williams's statements to the police; and (3) testimony from the detective regarding the lack of cooperation from witnesses in Over-the-Rhine. He claims that this inadmissible testimony violated his constitutional rights. This assignment of error is not well taken.
Clearly the testimony the state elicited from Murrell's mother and father that Murrell had stolen a car and had shot a gun at his father was inadmissible other-acts testimony presented solely for the purpose of painting Murrell as a violent, lawless individual. See State v. Griffin (2001), 142 Ohio App.3d 65,753 N.E.2d 967; State v. Hirsch (1998), 129 Ohio App.3d 294,717 N.E.2d 789; State v. Carusone, 1st Dist. No. C-010681, 2003-Ohio-1018. We cannot agree with the state's assertion that Murrell "opened the door" for this testimony and invited the error. See Griffin, supra; State v. Heidorn, 1st Dist. No. C-030700, 2004-Ohio-3749.
Further, the state relies on State v. Snell (June 19, 1985), 1st Dist. No. C-840743, in which this court held that a defendant waives any objection to the initial introduction of erroneous testimony by cross-examining the witness or offering rebuttal testimony on the challenged matters. But we overruled a line of cases that included Snell in State v. Johnson (Mar. 26, 1997), 1st Dist. No. C-960583. In so doing, we relied on cases from other courts of appeals criticizing the rule in Snell for requiring the defendant to choose between preserving the objection for appeal or countering the objectionable testimony at trial and waiving the objection.
Nevertheless, Murrell failed to object to the inadmissible testimony, which precludes him from raising the issue on appeal unless it rises to the level of plain error. State v. Underwood
(1983), 3 Ohio St.3d 12, 444 N.E.2d 1332; Hirsch, supra. After reviewing the record, we cannot hold that, but for the error, the result of the trial clearly would have been otherwise. This is not a case where we must invoke the plain-error rule to prevent a manifest miscarriage of justice. See State v. Wickline (1990),50 Ohio St.3d 114, 552 N.E.2d 913; State v. Cooperrider (1983),4 Ohio St.3d 226, 448 N.E.2d 452.
We have already held that the trial court properly allowed the testimony regarding Edward Williams's prior inconsistent statement for impeachment purposes. Therefore, we do not again address that issue under this assignment of error.
As to the police detective's testimony that witnesses in Over-the-Rhine tended to be uncooperative, we fail to see how this testimony was prejudicial. The detective was simply describing the course of the investigation into the shooting. We cannot hold that but for the admission of this testimony, the result of the proceedings clearly would have been otherwise. Therefore, we cannot hold that the admission of this testimony was plain error. See Wickline, supra; Hirsch, supra. We overrule Murrell's fourth assignment of error.
In his first assignment of error, Murrell contends that he was denied the effective assistance of counsel because counsel failed to object to the inadmissible other-acts testimony the state elicited from his mother and father. Murrell has not demonstrated that his counsel's representation fell below an objective standard of reasonableness or that, but for counsel's unprofessional errors, the results of the proceeding would have been different. Consequently, he has failed to meet his burden to show ineffective assistance of counsel. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; State v.Hamblin (1988), 37 Ohio St.3d 153, 524 N.E.2d 476; State v.Nix, 1st Dist. No. C-030696, 2004-Ohio-5502. A defendant is not deprived of the effective assistance of counsel when counsel chooses, for strategic reasons, not to pursue every possible trial tactic. State v. Brown (1988), 38 Ohio St.3d 305,528 N.E.2d 523. Consequently, we overrule Murrell's first assignment of error.
In his second assignment of error, Murrell contends that the trial court erred in overruling his motion for a mistrial due to the alleged admission of improper evidence. We cannot hold that any error or irregularity affected Murrell's substantial rights or that the ends of justice required the granting of a mistrial. Consequently, the trial court did not abuse its discretion in overruling Murrell's motion for a mistrial. State v. Sage
(1987), 31 Ohio St.3d 173, 510 N.E.2d 343; State v. Brewster,157 Ohio App.3d 342, 2004-Ohio-2722, 811 N.E.2d 162. We overrule Murrell's second assignment of error.
In his fifth assignment of error, Murrell contends that the evidence was insufficient to support his convictions for aggravated robbery and robbery. He argues that the state's evidence, if believed, showed that he shot the victim while sitting in the passenger seat of a nearby car. Though Williams testified that another person had attempted to rob him, the state failed to establish a correlation between the two events. We disagree.
Accomplices can be prosecuted and punished as if they were the principal offenders. State v. Coleman (1988),37 Ohio St.3d 286, 525 N.E.2d 792; Brewster, supra. The state presented sufficient circumstantial evidence from which the jury could have reasonably inferred that Murrell shot Williams as part of a robbery physically committed by Murrell's accomplice.
Our review of the record shows that a rational trier of fact, after viewing the evidence in a light most favorable to the prosecution, could have found that the state had proved the essential elements of aggravated robbery pursuant to 2911.01(A)(1) and robbery pursuant to R.C. 2911.02(A)(2) beyond a reasonable doubt. Consequently, the evidence was sufficient to support Murrell's convictions for those offenses. See State v.Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492; State v.Haynes, 1st Dist. No. C-020685, 2004-Ohio-762. We, therefore, overrule his fifth assignment of error.
In his sixth assignment of error, Murrell contends that his convictions were against the manifest weight of the evidence. After reviewing the record, we cannot hold that the jury clearly lost its way and created such a manifest miscarriage of justice that we must reverse Murrell's convictions and order a new trial. Therefore, his convictions were not against the manifest weight of the evidence. See State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541; State v. Allen (1990),69 Ohio App.3d 366, 590 N.E.2d 1272. Murrell is essentially arguing that the state's witnesses were not credible. But matters as to the credibility of witnesses are for the trier of fact to decide.State v. Bryan, 101 Ohio St.3d 272, 2004-Ohio-971,804 N.E.2d 433. Accordingly, we overrule his sixth assignment of error.
In his seventh assignment of error, Murrell contends that the trial court erred by imposing consecutive sentences. In State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, the Ohio Supreme Court held that a trial court, when imposing consecutive sentences, must make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. Though the record in this case would have supported consecutive sentences, the trial court failed to state its findings at the sentencing hearing, as Comer requires. Consequently, we sustain Murrell's seventh assignment of error. We vacate the consecutive sentences and remand the case to the trial court for resentencing. See Brewster, supra. In all other respects, we affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan and Hildebrandt, JJ.