JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Juan Stallworth, appeals convictions for aggravated robbery pursuant to R.C. 2911.01(A)(1) and robbery pursuant to R.C. 2911.02(A)(2). We find no merit in his three assignments of error.
In his first assignment of error, Stallworth contends that the trial court erred in overruling his motion to suppress identification evidence. He argues that the photographic lineups shown to the victim were overly suggestive and prejudicial. This assignment of error is not well taken.
To determine whether identification testimony is admissible, courts apply a two-part test. First, the defendant bears the burden of demonstrating that the identification procedure was unnecessarily suggestive. If the defendant meets this burden, then the court must consider whether the procedure was so unduly suggestive as to give rise to a substantial likelihood of mistaken identification. Even if the procedure is suggestive, the challenged identification is admissible as long as it is reliable. State v. Keith, 79 Ohio St.3d 514, 1997-Ohio-367,684 N.E.2d 47; State v. Haynes, 1st Dist. No. C-020685, 2004-Ohio-762.
Stallworth did not demonstrate that the identification procedure used by the police in this case was unnecessarily suggestive. Further, the record shows that the identification was reliable. Stallworth argues that the victim could not identify any of his attackers in three or four previous photographic lineups. Therefore, the victim must have simply picked someone from the lineup that contained Stallworth's picture. The record does not support this contention.
The victim indicated that he did not want to pick anyone out of a lineup if he was not certain about the identification. He had a longer opportunity to view Stallworth than his other attackers because Stallworth was the individual holding the gun while the others robbed him. Stallworth continued to hold the gun on the victim until all the other attackers had gotten back in the car in which they had come. The area was well lighted and the victim had a good opportunity to view the individual with the gun. He testified that he was sure that Stallworth was that individual.
Under the circumstances, we cannot hold that there was a substantial likelihood of misidentification. See State v. Kiner, 149 Ohio App.3d 599,2002-Ohio-5578, 778 N.E.2d 144; State v. Hampton, 1st Dist. No. C-010159, 2002-Ohio-1907; Haynes, supra. Consequently, the trial court did not err in overruling Stallworth's motion to suppress the identification testimony, and we overrule his first assignment of error.
In his second assignment of error, Stallworth contends that the trial court erred in allowing him to represent himself. He contends that his waiver of counsel was not knowingly and voluntarily made because he had never tried a criminal case, he had no formal legal training, he had completed only the eleventh grade, and he suffered from bipolar disorder and had not take his medication in eight months. This assignment of error is not well taken.
The Sixth Amendment guarantees that a defendant in a criminal trial has an independent right to self-representation. Faretta v. California
(1975), 422 U.S. 806, 95 S.Ct. 2525. A defendant may waive his right to counsel and proceed to represent himself if the waiver is knowingly, intelligently and voluntarily made. State v. Gibson (1976),45 Ohio St.2d 366, 345 N.E.2d 399; State v. Steele, 155 Ohio App.3d 659,2003-Ohio-7103, 802 N.E.2d 1127.
The trial court must make sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes the right to counsel. Gibson, supra; Steel, supra. The trial court errs when it allows a defendant to waive the right to counsel without making a thorough inquiry into whether the defendant understands the magnitude of the undertaking and the hazards inherent in self-representation. A court must decide whether a waiver is knowing and voluntary on a case-by-case basis. State v. Smith, 1st Dist. No. C-020610, 2004-Ohio-250.
Our review of the record satisfies us that Stallworth knowingly and intelligently waived the right to counsel and elected to represent himself. The trial court informed Stallworth of the nature of the charges, the possible punishments, and "other facts essential to a broad understanding of the whole matter." See Smith, supra. Further, the court repeatedly told him of the difficulties inherent in representing himself. It informed him that he would be held to the same standard as the other attorneys and that the court could not help him in presenting his defense. Nevertheless, Stallworth clearly and unequivocally chose to exercise his right to self-representation, and the trial court's denial of that right would have been erroneous. See Steel, supra; Smith, supra.
Stallworth admitted that he had been treated for bipolar disorder and that he had stopped taking his medication approximately eight months before the trial. Nevertheless, he answered negatively when the court asked him if he was then suffering any symptoms of bipolar disorder or if it affected his ability to function on a day-to-day basis. Stallworth behaved rationally throughout the trial and gave no indication that any mental impairment had affected his decision to represent himself. Under the circumstances, we hold that the trial court did not err in allowing Stallworth to represent himself, and we overrule his second assignment of error.
In his third assignment of error, Stallworth contends that his convictions were against the manifest weight of the evidence. After reviewing the evidence, we cannot hold that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Stallworth's convictions and order a new trial. Therefore, the convictions were not against the manifest weight of the evidence. SeeState v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541;State v. Allen (1990), 69 Ohio App.3d 366, 590 N.E.2d 1272.
Stallworth's main contention is that the evidence identifying him as the perpetrator of the robberies was not credible. But matters as to the credibility of evidence are for the trier of fact to decide. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212; Haynes, supra. Accordingly, we overrule Stallworth's third assignment of error and affirm his convictions.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.